**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) | Case No. 03:05-MD-527 RM (MDL 1700) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) | CHIEF JUDGE MILLER MAGISTRATE JUDGE NUECHTERLEIN |

# DEFENDANTS' MEMORANDUM IN SUPPORT OF PROPOSED CASE MANAGEMENT ORDER

Defendants submit this memorandum in order to clarify Defendants' position as to the current areas of disagreement regarding the Proposed Case Management Order.

Defendants have approached the task of preparing a Case Management Order by looking to the Annotated Manual for Complex Litigation – Fourth Edition (the "Manual") and adopting its approaches where appropriate. Defendants also took heed of the order issued by the Judicial Panel on Multidistrict Litigation (the "Panel") establishing these MDL proceedings, as well as the general purposes of 28 U.S.C. § 1407. Accordingly, the provisions proposed by Defendants are consistent with the recommendations of the Manual, the mandate of the Panel, and the type of approach taken by MDL courts around the country dealing with multiple state-law claims. Plaintiffs' approach, on the other hand, does not achieve the same result, leaving the vast majority of the cases with no advancement whatsoever in terms of resolving class certification and other important pre-trial issues. Plaintiffs seem to be asking this Court to ignore those cases and take steps to advance only about ten percent of the cases the MDL Panel transferred for coordinated proceedings. In this manner, Plaintiffs' approach rejects the rationale behind coordinated proceedings and does little to permit this Court to effect the purposes of the Panel's transfer order and the multidistrict litigation process. Accordingly, Plaintiffs' proposal falls short of meeting its objectives.

There are a number of significant differences between Defendants' and Plaintiffs' visions for how this litigation should proceed.[1] To assist the Court in resolving those disagreements, we discuss the major ones below.

---

[1] The parties did manage to come to an accord on several issues that were initially in dispute, e.g., Rule 26 disclosures, the initial production of documents, and the scope of electronic discovery. Defendants

## I. PIECEMEAL VERSUS COMPREHENSIVE APPROACH

Plaintiffs have proposed that discovery proceed with respect to all the cases presently before this Court, but that class certification and summary judgment briefing (on a single issue – the worker status question) be pursued in only three cases they call "Bellwether" actions. After this Court has expended the effort to acquaint itself with the issues presented in these cases and decided class certification and summary judgment (on a single issue) in these three cases, Plaintiffs propose that mediation commence, and if unsuccessful, that all the actions be sent back to their initial forums for all purposes.

Plainly, this approach undermines the purpose of having an MDL proceeding, by completely and indefinitely deferring any preparation and adjudication of pretrial matters in most cases in this proceeding – in all but three of the pending cases. The Judicial Panel on Multidistrict Litigation (the "Panel") ordered these coordinated proceedings "to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary," and thereby "lead[] to the just and expeditious resolution of all actions to the overall benefit of the parties." *In re FedEx Ground Package System, Inc.*, 381 F. Supp. 2d 1380, 1380 (J.P.M.L. 2005). Plaintiffs' proposal respects the Panel's first rationale, while ignoring the other stated purposes of an MDL proceeding. Plaintiffs' proposal also ignores the mandate of Rule 23 to resolve class certification issues "at an early practicable time." FED R. CIV. P. 23(c)(1)(A).

---

appreciate Plaintiffs' willingness to stagger this discovery in recognition of the business pressures the Company faces in the months leading to the Christmas holiday.

Judge Edith Jones pointed out some of the pitfalls of the Bellwether[2] approach in *In Re Chevron U.S.A., Inc.*, 109 F.3d 1016 (5th Cir. 1997):

> Judges must be sensitive to stay within our proper bounds of adjudicating individual disputes. We are not authorized by the Constitution or statutes to legislate solutions to cases in pursuit of efficiency and expeditiousness. Essential to due process for litigants, including both the plaintiffs and Chevron in this non-class action context, is their right to the opportunity for an individual assessment of liability and damages in each case.

*Id*. at 1023.

Defendants propose a comprehensive approach whereby class certification and summary judgment address all cases and all claims that have been entrusted to this Court for pretrial proceedings. While doing so will involve judicial resources, MDL Courts regularly skillfully manage MDL proceedings and this Court will undoubtedly do the same. Indeed, MDL courts are regularly called upon to resolve class certification and other pre-trial issues in multiple cases brought under different state laws. *See, e.g., In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, Docket No. 1393, 2001 WL 253115, at *1 (J.P.M.L. Feb. 23, 2001) (transfer ordered where different substantive state laws were asserted but "[a]ll actions involve allegations relating to Cooper's tire design and its manufacturing process."). *See also In re St. Jude Med., Inc.*, Docket No. 1396, 2001 U.S. Dist. LEXIS 5226, at *2-3 (J.P.M.L. Apr. 18, 2001) (transfer ordered where different substantive state laws were asserted but "[a]ll actions are brought as class actions . . . and arise from the same factual milieu, namely the manufacture and marketing

---

[2] The Bellwether, or test case, approach is discussed in the Manual for Complex Litigation (4th) in the ***mass torts*** section, and for good reason. Adjudicating a test case can advance the judicial process when a court is presented with large numbers of tort claims that resulted from a discrete act or omission by the defendant. The consolidated cases in this MDL proceeding, however, concern individual, multi-year business relationships between proposed class members and the defendant and do not lend themselves to the kind of analyses undertaken in mass tort litigation.

of allegedly defective heart valve and replacement products"); *In re Am. Online, Inc., Version 5.0 Software Litig., Docket No. 1341*, 2000 U.S. Dist. LEXIS 13262, at *3-4 (J.P.M.L. June 2, 2000) (transfer ordered where different substantive state laws were asserted but class action plaintiffs all alleged that AOL Version 5.0 conflicted with various types of non-AOL software); *In re GMC Type III Door Latch Prods. Liab. Litig.*, Docket No. 1266, 1999 U.S. Dist. LEXIS 5075, at *1-2 (J.P.M.L. Apr. 14, 1999) (transfer ordered where different substantive state laws were asserted but where "the three actions in this litigation involve common questions of fact concerning allegations that the 'unmodified Type III door latches' on certain GM vehicles are defective and prone to failure"); *In re Chrysler Corp. Vehicle Paint Litig.*, Docket No. 1239, 1998 U.S. Dist. LEXIS 15675, at *2 (J.P.M.L. Oct. 2, 1998) (transfer ordered where different substantive state laws were asserted but actions involved "common questions of fact concerning allegations by overlapping classes of defects in the paint of certain Chrysler vehicles").

In addition to being inconsistent with the structure and purpose of MDL proceedings, Plaintiffs' proposal to proceed first with "Bellwether" actions will not eliminate the complexities inherent in this litigation. Even under the "Bellwether" approach, this Court will have to learn the basic business structure and relationship between FedEx Ground Package System, Inc. ("FedEx Ground") and the independent contractors who pick up and deliver packages. Plaintiffs, however, believe that this expertise should be applied to only three cases, and that over twenty-five other judges should duplicate this familiarization process. Defendants believe that such efforts should not be duplicated and would contradict the purposes for which the MDL process exists. Moreover, while the legal standards and facts will differ among and within the cases before this Court, there may be many similarities and analogous circumstances, which will allow

this Court to render rulings more expeditiously and with less effort than if thirty-two separate judges were required to wrestle with each case individually.

## II.  EXPERT DISCOVERY

The Manual concurs with Defendants' proposal for the sequence of expert discovery.  In its Sample Case Management and Scheduling Order, the Manual advises that plaintiffs' expert disclosures be made concurrently with their class certification motion, with defendants making their expert disclosures concurrently with their opposition briefing.  *See* Ann. MCL 4th app. A(1)(6)(c)(1)-(4); *See also* Ann. MCL 4th § 40.21(5)(e).

Notwithstanding the suggestion of the Manual, Plaintiffs propose that expert discovery in both the class certification and summary judgment phases be done simultaneously, so that proponents and opponents disclose their experts at the same time.  Defendants oppose this approach, believing it is unworkable and fundamentally unfair.  By providing for simultaneous expert discovery, Plaintiffs' proposal requires the non-moving party to anticipate not only the factual and legal arguments of its opponents, but also the expert opinions to be used in support thereof.

Defendants propose a more equitable process, which will permit the non-moving party to conduct discovery and provide rebuttal expert reports that are responsive to the arguments the proponents' experts will make.  Because Defendants' proposal will allow the non-moving party to craft its brief in response to the arguments offered by the moving party, it is less likely to lead to a situation where the parties need to conduct a further round of expert discovery briefing or leave this Court with an unsatisfactory expert record on which to render its decision.

### III. PAGE LIMITATIONS AND DEADLINES FOR OPPOSITION AND REPLY BRIEFS

Defendants do not object to Plaintiffs' proposed page limits for opening briefs and would even be open to discussing an increased page limit for opening briefs, if the Plaintiffs believe that an increase would serve the interests of justice.

Defendants are also prepared to be flexible on deadlines for opposition and reply briefs, but believe that Plaintiffs' proposals as to page limitations for class certification briefing are fundamentally unfair. Defendants recognize that parties may have different views on the number of pages each side should have to brief their positions, but believe that the total number of pages each side receives should be equal. Plaintiffs, however, envision a class certification process whereby they receive 110 pages of briefing, while Defendants receive 50. Moreover, Plaintiffs propose that 75 of their pages be devoted to their reply brief. Defendants do not believe this allocation to be consistent with the standard procedure and the approach advocated by the Manual, the briefing rules in this district and the fundamental purpose and role of a reply brief, i.e, to provide rebuttal arguments addressing the opposing party's response brief, and not to present new arguments, as all relevant arguments should be contained in the opening brief. Ann. MCL 4th § 40.21(5)(e) (listing all the issues that "must" be briefed in an opening brief in support of class certification). The Plaintiffs provide the Court no basis for so drastically changing the appropriate ratio of pages for moving and reply briefs. Not only does this approach subvert the class certification process, it may compel Defendants to seek leave to file sur-replies to address matters and arguments that are raised for the first time in Plaintiffs' reply brief.

## IV.   DISCOVERY

Defendants also believe that Plaintiffs' proposal for 10 depositions per constituent action is unduly burdensome.  That means that for each of the 31 constituent actions in this proceeding, plaintiffs could take ten depositions, for a potential total of 310 depositions.  Additionally, Plaintiffs' proposal seeks to treat all depositions pursuant to a single Rule 30(b)(6) subpoena as a single deposition.  This provision is burdensome only to Defendants and increases the potential number of deponents that Defendant will need to produce above 310.  Of course, it is likely that additional cases will be filed and transferred to these proceedings, increasing that total yet further.

## V.   ADDITIONAL PROVISIONS

Defendants have proposed provisions that would govern discovery, attorneys' fees, and privilege issues.  Plaintiffs have said that they believe such provisions are unnecessary and that they would prefer to proceed subject to the procedures provided for the in Federal Rules of Civil Procedure.  Defendants respect Plaintiffs' position, but believe that by agreeing to certain terms that are not expressly provided for in the Federal Rules, or that are provided for but subject to interpretation, the parties will save themselves and this Court unnecessary effort litigating matters that could easily be provided for in an agreed-upon order.  The best time to resolve these matters is now, before disputes arise or parties place themselves in positions that could disrupt the orderly progress of the cases.  Doing so now will ultimately save the parties and the Court substantial time and expense.  Since the goal of this effort is effective case management, Defendants respectfully request that the Court address those issues in its Case Management Order.

Dated: October 19, 2005             Respectfully submitted,


                                    By:__s/Thomas J. Brunner_____
                                        Thomas Brunner
                                        BAKER & DANIELS
                                        205 West Jefferson Blvd., Suite 250
                                        South Bend, IN  46601

                                        Alison Fox
                                        BAKER & DANIELS
                                        205 West Jefferson Blvd., Suite 250
                                        South Bend, IN  46601

                                        *Defendants' Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of October, 2005, I filed the foregoing ***Memorandum in Support of Defendants' Proposed Case Management Order*** with the Clerk of the Court using the CM/ECF system.   Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| George A. Barton<br>Email:  gbarton@birch.net | Robert I. Harwood<br>rharwood@whesq.com |
| Evelyn L. Becker PHV<br>Email:  ebecker@omm.com | Tom A. Jerman<br>Email:  tjerman@omm.com |
| Jerald R. Cureton<br>Email:  jcureton@curetoncaplan.com | Jordan M. Lewis<br>Email:  jordanlewis@sbgdf.com |
| Edward John Efkeman<br>Email:  eefkeman@fedex.com | Gary F. Lynch<br>Email:  glynch@carlsonlynch.com |
| Susan E. Ellingstad<br>E-mail:  seellingstad@locklaw.com | Richard T. Phillips<br>Email:  flip@smithphillips.com |
| Wood R. Foster Jr.<br>Email:  woodfoster@sbgdf.com | Robert M. Schwartz PHV<br>Email:  rschwartz@omm.com |
| Philip Stephen Fuoco<br>Email:  pfuoco@msn.com | Edith A. Thomas<br>Email:  edithomas1@aol.com |
| Clayton D. Halunen<br>Halunen@youhaverights.info | Joni M. Thome<br>Email:  thome@youhaverights.inco |
| John C. Hamilton<br>Email:  jch@hamiltonfirm.com,<br>hamiltonfirm@sbcglobal.net | Matthew T. Tobin<br>Email:  matt@jhmmj.com |

I further certify that I have mailed the foregoing document by U.S. Mail on the following parties of record:

John H. Beisner PHV
O'Melveny & Myers LLP
1625 Eye St. NW, Ste. 10
Washington, DC 2006-4001
Telephone:  202-383-5378
Facsimile:  202-383-5414

Joree Brownlow
Law Office of Joree G. Brownlow
1444 Gillham Dr., Ste. 200
Bartlett, TN  38134
Telephone:  901-266-9902
Facsimile:  901-266-5985

R. Bruce Carlson
Carlson Lynch Ltd.
231 Melville Lane
P. O. Box 367
Sewickley, PA  15143
Telephone:  412-749-1677
Facsimile:  412-749-1686

Kevin M. Costello
Levow & Costello
Cherry Hill Plaza
Suite 200
1415 Route 70 East
Cherry Hill, New Jersey 08034
Tel: (856) 428-5055
Fax: (856) 429-7726

James R. Mulroy II
William T. Fiala
Lewis, Fisher, Henderson & Claxton LLP
6410 Poplar Ave., Ste. 300
Memphis, TN  38119
Telephone:  901-767-6160

R. Christopher Gilreath
Gilreath & Associates
6256 Poplar Avenue
Memphis, TN 38119
Telephone:  901-680-9777

Eric E. Hobbs
Eric M. Rumbaugh PHN
Michael Best  Friedrich LLP
100  E. Wisconsin Ave., Ste. 3300
Milwaukee, WI  53202-4108
Telephone:  414-271-6560
Fax:  414-277-0656

Dmitri Iglitzin
Schwerin Campbell Barnard LLP
18 West Mercer St., Ste. 400
Seattle, WA  98119
Tel: (206) 285.2828
Fax: (206) 378.4132

Karen P. Kruse PHV
Jackson Lewis LLP - SEA/WA
One Union Square
600 University Street, Ste. 2900
Seattle, WA  98101

Steve D. Larson
Stoll Stoll Berne Lokting & Schlachter P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:  503-227-1600
Facsimile:  503-227-6840

Shannon Liss-Riordan
Alfred Gordon
Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan
18 Tremont Street, 5th Floor, Ste. 500
Boston, MA 02108
Tel: 617-367-7200
Fax: 617-367-4820

Carla D. Macaluso
Jackson Lewis LLP
220 Headquarters Plaza
7th Floor East Tower
Morristown, NJ 07960
Telephone:  973-538-6890
Facsimile:  973-540-9015

-12-

Paula R. Markowitz
Markowitz & Richman
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
Telephone: 215-875-3100

Robert E. McDaniel
The McDaniel Law Offices
4 Bicentennial Square
Concord, NH 03301
Tel: (603) 224-4333
Fax: (603) 224-4994

Kenneth E. Milam
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650
Telephone: 601-948-6470

James R. Mulroy II
Lewis Fisher Henderson & Claxton LLP
100 Washington Ave. S., Ste. 2200
Minneapolis, MN 55401

Alan M. Purdie
Gore, Kilpatrick, Purdie, Metz & Adcock
402 Legacy Park
P.O. Drawer 2900
Ridgeland, MS 39157
Telephone: 601-957-1595

Anne T. Regan
J. Gordon Rudd
Zimmerman & Reed
651 Nicollett Mall, Ste. 501
Minneapolis, MN 55401

Richard R. Roberts
Federal Express Corporation
3620 Hacks Cross Rd.
Building B, 3rd Floor
Memphis, TN 38125
Telephone: 901-224-9500

Aaron Roblan
Jackson Lewis
One Union Square
600 University St., Ste. 2900
Seattle, WA 98101
Telephone: 206-405-0404
Facsimile: 206-405-4450

Beth A. Ross
Leonard Carder, LLP
1330 Broadway Ave., Ste. 1450
Oakland, CA 94612
Tel: (415) 771-6400
Fax: (415) 771-7010

Dan S. Smith
Dan Solomon Smith, LLC
339 Main St., Suite 2D
Orange, NJ 07050
Tel: (973) 674-7200
Fax: (973) 674-6676

Cheryl M. Stanton
Ogletree Deakins Nash Smoak & Stewart PC
10 Madison Ave., Ste. 402
Morristown, NJ 07960
Telephone: 973-656-1600

Patricia A. Sullivan
John D. Doran
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Richard Tanenbaum, Esq.
The Law Offices of Richard Tanenbaum
1131 McDonald Avenue
Brooklyn, NY 11230
Tel: (718) 252-3366
Fax: (718) 252-9280

-13-

Donald R. Taylor
Taylor & Dunham, L.L.P.
327 Congress Avenue, Suite 600
Austin, Texas 78701
Tel: 512-473-2257
Fax: 512-478-4409

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908

Michael J. Watton
Watton Law Group
225 East Michigan St., Ste. 550
Milwaukee, WI 53202
Telephone:  414-273-6858
Facsimile:  414-273-6894

Dennis M. Brennan
215 West Marion Street
South Bend, IN 46601

Hoyt Rowell, III
Daniel O. Myers
Richardson Patrick Westbrook & Brickman
   LLC
1037 Chuck Dawley Blvd., Bldg A
Mt. Pleasant, SC 29464

Lynn Rossman Faris
Leonard Carder, LLP
1330 Broadway Ave., Ste. 1450
Oakland, CA  94612

By:     s/Thomas J. Brunner

BAKER & DANIELS LLP
205 West Jefferson Blvd., Suite 250
South Bend, IN  46601