UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In re FEDEX GROUND PACKAGE        )
SYSTEM, INC., EMPLOYMENT          )   Case No. 03:05-MD-527 RM
PRACTICES LITIGATION              )   (MDL 1700)
_____   )
THIS DOCUMENT RELATES TO          )   CHIEF JUDGE MILLER
ALL ACTIONS                       )   MAGISTRATE JUDGE NUECHTERLEIN
_____   )

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
SECOND PROPOSED CASE MANAGEMENT ORDER**

Defendants submit this memorandum in order to clarify their position as to the current areas of disagreement regarding the Proposed Case Management Order filed with this Court on November 7, 2005 ("CMO"). While the parties have reached agreement as to many topics, there are a few remaining areas of disagreements, including: (1) page limitations on briefing; (2) discovery limitations; and (3) class certification deadlines. These issues are discussed below.

## I.   PAGE LIMITATIONS

For class certification, <u>Plaintiffs</u> propose 30 pages for their opening briefs, 50 pages for Defendants' opposition briefs, and 40 pages for their reply briefs. (CMO at 18.) <u>Defendants</u> propose 50 page opening briefs, 75 page opposition briefs, and 25 page reply briefs. (*Id.*).

By requesting more pages for their reply than for their opening brief, Plaintiffs' approach suggests an impermissible burden-shifting by requiring Plaintiffs to withhold the bulk of their arguments in reserve until after Defendants have had their opportunity to brief their opposition. *See In re* American Medical Systems, 75 F.3d 1069, 1086 (6th Cir. 1996) (holding it reversible error to certify a class based on the unsubstantiated allegations of the plaintiff pending rebuttal by the defendants). Defendants' approach is in keeping with the purpose of reply briefs – to

-2-

respond to arguments in the response brief, rather than raise new arguments – and consistent with the Manual for Complex Litigation (the "Manual"), which impliedly disfavors extensive reply briefing. Ann. MCL 4th § 40.21(5)(e) (listing all the issues that "must" be briefed in an opening brief in support of class certification).[1] Plaintiffs propose reply briefing that is ten pages <u>greater</u> than their opening brief, which is not consistent with the purpose of reply briefs and, for that reason, is likely to necessitate sur-reply briefs to address any newly-raised issues. While the CMO includes language indicating that reply briefs "shall be confined to responding to arguments made in Defendants' opposition memoranda," (CMO at 18-19), this expression of proper practice does not eliminate Defendants' legitimate concerns. Defendants must be afforded fair opportunity to provide a comprehensive response to plaintiffs' full and substantive briefing on the class certification issue.

Finally, Defendants believe that Plaintiffs' page limitations for Defendants' opposition briefs are too restrictive, given the issues that will need to be addressed in these motions, and have proposed page limits that provide both sides with roughly the same number of pages that Plaintiffs suggest they be entitled to have in their proposal.

Defendants oppose Plaintiffs' page limit distribution for summary judgment for similar reasons. For summary judgment, both sides agree on page limits for opening and opposition briefs, but disagree on the length of the reply briefing, with Plaintiffs proposing 40 pages and Defendants proposing 20 pages. (*Id*. at 21-22.) Defendants believe that page limitations should

---

[1] The Manual provides that:
A motion for class certification must do the following: identify the class(es) and any subclass(es) for which they seek certification; detail the facts that show satisfaction of the requirements of Fed. R. Civ. P. 23(a) and (b), including the identity of named plaintiff(s) to represent each class and subclass, the qualifications of counsel for each class and subclass, and the rate, percentage, or other formula for calculating the amount of attorney fees counsel expect to request for representing the proposed class; present a plan for managing the

encourage the moving party to provide a full recitation of the basis of its motion in its opening brief, and discourage reliance on reply briefing to provide fully-developed and/or new arguments. Providing more pages for reply briefs than opening briefs could encourage a party to save arguments (or adequate explanations of arguments) until after they see how the other side responds to the initial motion.

## II. DEPOSITION AND INTERROGATORY LIMITATIONS

The parties disagree on the amount of discovery that should be allotted to each side. Defendants propose that they be entitled to propound fifteen interrogatories and five requests for admission ("RFAs") on each named plaintiff, and that Plaintiffs be entitled to propound 100 interrogatories and 50 RFAs on FedEx Ground Package System, Inc. ("FedEx Ground"). (CMO at 19.) Plaintiffs propose that Defendants be allotted ten interrogatories and five RFAs for each named plaintiff, and that their Co-Lead Counsel be entitled to propound on each defendant ten interrogatories and five RFAs on behalf of each named plaintiff. (*Id*. at 19-20.)

For depositions, Defendants propose that they be permitted to take depositions of each named plaintiff plus an additional 25, with Plaintiffs allotted 50 depositions. (*Id*. at 20.) Plaintiffs propose that each side be allotted 100 depositions. (*Id*.)

When the Judicial Panel on Multidistrict Litigation (the "Panel") established these proceedings, it noted that coordinated proceedings would "ensur[e] that common parties and witnesses are not subjected to discovery demands and duplicate activity," and concluded that "[c]entralization . . . is . . . necessary in order to eliminate duplicative discovery." *In re FedEx Ground Employment Practices Litig.*, 381 F. Supp. 2d 1380, 1380 (J.P.M.L. 2005). In reaching

---

litigation for trial; describe the forms, methods, and financing to be used to give notice to class members; and identify and include reports and affidavits of any experts to be used to support class certification. Ann. MCL 4th § 40.21(5)(e).

this conclusion, the Panel accepted FedEx Ground's argument that without coordinated treatment, its employees and officials would be subjected to duplicative depositions and discovery requests. Accordingly, setting identical discovery limits undermines one of the central purposes of these proceedings, and does not address Plaintiffs' true discovery needs.

Defendants' proposal reflects their need to take discovery from all named plaintiffs in order to appropriately respond to Plaintiffs' class certification motions and individual claims. The numbers proposed are purely a function of the number of plaintiffs named in the constituent complaints—a factor outside of Defendants' control.[2] Defendants' proposal permits Defendant to depose the named plaintiffs in these cases *and an average of less than one other person per case.* Defendants are concerned that even this limit may prove too restrictive and that relief may be necessary. It is hard to imagine a court in any one of those cases restricting Defendant to just one deposition beyond the named plaintiffs—each coordinated case is a state-wide class action on behalf of dozens to hundreds of contractors. Yet Plaintiffs' proposal would not afford enough deposition "slots" to permit an examination of the named parties. Defendants do not believe that this is reasonable or comports with minimal standards of due process.

Plaintiffs' proposal is based on the concept of identical limitations. This approach, while appealing in the abstract, results in distorted limitations in practice. Plaintiffs' proposal permits them 1480 interrogatories and 740 RFAs, a number based on the number of named plaintiffs. It is unclear why Plaintiffs, each of whom will seek discovery from the same few Defendants, require so much written discovery. Plaintiffs' suggested deposition limit of 100 does not appear

---

[2] As the Seventh Circuit has held, class certification issues such as named plaintiffs' typicality need to be reviewed on an adequate record to confirm actual conformance with Rule 23's requirements. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677-78 (7th Cir. 2001) (vacating class certification order due to failure by district court "to pierce the allegations of the complaint.").

to based on the needs of either party, but is rather an average of the number of depositions rationally needed by each side.

### III.   CLASS CERTIFICATION DEADLINES

The parties have agreed to the basic framework of class certification briefing and discovery. (CMO at 17-19.) The parties have not, however, reached agreement on the dates by which those tasks must be completed. Defendants' schedule for class certification discovery extends 30 days beyond Plaintiffs' proposal. (*Id*. at 17.) This is due to the fact that the final wave of early document production is due to be completed by March 15, 2006. (*Id*. at 15.) The documents in that phase of early production are estimated to constitute 500,000 pages, and timely production will require a tremendous effort.[3] Those documents constitute materials on the named plaintiffs, many of whom need to be deposed in advance of class certification briefing. Given that there are 148 Named Plaintiffs, Defendants will need more than forty-five days following the early production to take depositions necessary for class certification. Accordingly, Defendants believe a June 1, 2006 deadline for class certification discovery is more appropriate.[4]

In addition to this difference, the parties disagree on the timeframe for handling class certification expert discovery. <u>Plaintiffs</u> propose that Defendants be given a mere 20 days from the date Plaintiffs disclose their experts to depose them. They also propose that Defendants identify defense experts and provide expert reports six days ***before*** the deadline for deposing Plaintiffs' experts. In response, <u>Defendants</u> propose that they be given a month to depose Plaintiffs' experts, identify rebuttal experts and produce expert reports. Plaintiffs' expert discovery proposal is unworkable, as it does not provide adequate time for Defendants to absorb

---

[3]   Plaintiffs agreed to these dates understanding the amount of material involved and the stress the pre-Christmas season places on FedEx Ground's operations and workforce.
[4]   This deadline is three months earlier than requested in FedEx Ground's first proposal.

Plaintiffs' expert reports, depose their experts, identify defense experts and produce expert reports. Defendants' one-month timeframe is, as with the other deadlines, rather ambitious and, as a result, barely adequate. Defendants believe their proposal provides the minimum amount of time necessary to complete the tasks required in an adequate manner and should be adopted.[5]

### IV. ADDITIONAL DISPUTED PROVISIONS

The parties disagree on the briefing schedule for motions to remand, with Defendants providing dates certain and Plaintiffs relying on this District's local rules. (CMO at 16.) Defendants believe that there may be a number of motions to remand filed concurrently, and additional time will be necessary to respond to them all. Defendants also note that Plaintiffs agreed to a more generous schedule for Rule 12 motions when they will be the opponents rather than the movants. (*Id*.)

Finally, the parties disagree on language reflecting the ability of the parties to file summary judgment motions on subjects other than the independent contractor issue, and making explicit that the parties' proposal does not limit the Court's ability to decide motions in the order it sees fit. (*Id*. at 21.) Defendants' proposal recognizes that discovery may reveal other issues appropriate for summary judgment, and that early determinations of those issues may save the Court and the parties from expending unnecessary time and resources on other motions.

---

[5] Defendants acknowledge that the deadline disputes between the parties results in a class certification briefing schedule that differs by under two months. Defendants note that their proposal provides for class certification briefing over a month before the date originally proposed, but unlike the original proposal has expert discovery completed before the briefing deadline.

-7-

Dated: November 14, 2005               Respectfully submitted,

                                                      By:   Thomas J. Brunner
                                                        Thomas J. Brunner
                                                        BAKER & DANIELS LLP
                                                        205 West Jefferson Blvd., Suite 250
                                                        South Bend, IN  46601

                                                        John H. Beisner
                                                        O'MELVENY & MYERS LLP
                                                        1625 Eye Street, NW
                                                        Washington, DC 20006-4001

                                                        *Defendants' Liaison and Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November, 2005, I filed the foregoing ***Memorandum in Support of Second Proposed Case Management Order*** with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| George A. Barton<br>Email:  gbarton@birch.net | Tom A. Jerman<br>Email:  tjerman@omm.com |
| Evelyn L. Becker PHV<br>Email:  ebecker@omm.com | Jordan M. Lewis<br>Email:  jordanlewis@sbgdf.com |
| Jerald R. Cureton<br>Email:  jcureton@curetoncaplan.com | Gary F. Lynch<br>Email:  glynch@carlsonlynch.com |
| Edward John Efkeman<br>Email:  eefkeman@fedex.com | Daniel O. Myers<br>Email:  dmyers@rpwb.com |
| Susan E. Ellingstad<br>E-mail:  seellingstad@locklaw.com | Richard T. Phillips<br>Email:  flip@smithphillips.com |
| Lynn R. Faris<br>lfaris@leonardcarder.com | Anne T. Regan<br>Email:  atr@zimmreed.com |
| Wood R. Foster Jr.<br>Email:  woodfoster@sbgdf.com | J. Gordon Rudd<br>jgr@zimmreed.com |
| Philip Stephen Fuoco<br>Email:  pfuoco@msn.com | Robert M. Schwartz PHV<br>Email:  rschwartz@omm.com |
| Clayton D. Halunen<br>Halunen@youhaverights.info | Edith A. Thomas<br>Email:  edithomas1@aol.com |
| John C. Hamilton<br>Email:  jch@hamiltonfirm.com,<br>hamiltonfirm@sbcglobal.net | Joni M. Thome<br>Email:  thome@youhaverights.inco |
| Robert I. Harwood<br>rharwood@whesq.com | Matthew T. Tobin<br>Email:  matt@jhmmj.com |

I further certify that on November 14, 2005 I mailed the foregoing document by U.S. Mail on the following parties of record:

John H. Beisner PHV
O'Melveny & Myers LLP
1625 Eye St. NW, Ste. 10
Washington, DC 2006-4001
Telephone: 202-383-5378
Facsimile: 202-383-5414

Joree Brownlow
Law Office of Joree G. Brownlow
1444 Gillham Dr., Ste. 200
Bartlett, TN 38134
Telephone: 901-266-9902
Facsimile: 901-266-5985

R. Bruce Carlson
Carlson Lynch Ltd.
231 Melville Lane
P. O. Box 367
Sewickley, PA 15143
Telephone: 412-749-1677
Facsimile: 412-749-1686

Kevin M. Costello
Levow & Costello
Cherry Hill Plaza
Suite 200
1415 Route 70 East
Cherry Hill, New Jersey 08034
Tel: (856) 428-5055
Fax: (856) 429-7726

James R. Mulroy II
William T. Fiala
Lewis, Fisher, Henderson & Claxton LLP
6410 Poplar Ave., Ste. 300
Memphis, TN 38119
Telephone: 901-767-6160

R. Christopher Gilreath
Gilreath & Associates
6256 Poplar Avenue
Memphis, TN 38119
Telephone: 901-680-9777

Eric E. Hobbs
Eric M. Rumbaugh PHN
Michael Best  Friedrich LLP
100  E. Wisconsin Ave., Ste. 3300
Milwaukee, WI 53202-4108
Telephone: 414-271-6560
Fax: 414-277-0656

Dmitri Iglitzin
Schwerin Campbell Barnard LLP
18 West Mercer St., Ste. 400
Seattle, WA 98119
Tel: (206) 285.2828
Fax: (206) 378.4132

Karen P. Kruse PHV
Jackson Lewis LLP - SEA/WA
One Union Square
600 University Street, Ste. 2900
Seattle, WA 98101

Steve D. Larson
Stoll Stoll Berne Lokting & Schlachter P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: 503-227-1600
Facsimile: 503-227-6840

Donald B. Lewis
Law Offices of Donald B. Lewis
5 Cynwyd Road
Bala Cynwyd, PA 19004

Telephone:  610-668-0331

Shannon Liss-Riordan
Alfred Gordon
Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan
18 Tremont Street, 5th Floor, Ste. 500
Boston, MA 02108
Tel: 617-367-7200
Fax: 617-367-4820

Carla D. Macaluso
Jackson Lewis LLP
220 Headquarters Plaza
7th Floor East Tower
Morristown, NJ 07960
Telephone:  973-538-6890
Facsimile:  973-540-9015

Paula R. Markowitz
Markowitz & Richman
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
Telephone:  215-875-3100

Robert E. McDaniel
The McDaniel Law Offices
4 Bicentennial Square
Concord, NH 03301
Tel: (603) 224-4333
Fax: (603) 224-4994

Kenneth E. Milam
Watkins & Eager
P. O. Box 650
Jackson, MS  39205-0650
Telephone:  601-948-6470

James R. Mulroy II
Lewis Fisher Henderson & Claxton LLP
100 Washington Ave. S., Ste. 2200
Minneapolis, MN  55401

Alan M. Purdie
Gore, Kilpatrick, Purdie, Metz & Adcock
402 Legacy Park
P.O. Drawer 2900
Ridgeland, MS 39157
Telephone:  601-957-1595

Anne T. Regan
J. Gordon Rudd
Zimmerman & Reed
651 Nicollett Mall, Ste. 501
Minneapolis, MN  55401
Richard R. Roberts
Federal Express Corporation
3620 Hacks Cross Rd.
Building B, 3rd Floor
Memphis, TN 38125
Telephone:  901-224-9500

Aaron Roblan
Jackson Lewis
One Union Square
600 University St., Ste. 2900
Seattle, WA 98101
Telephone:  206-405-0404
Facsimile:  206-405-4450

Beth A. Ross
Leonard Carder, LLP
1330 Broadway Ave., Ste. 1450
Oakland, CA 94612
Tel: (415) 771-6400
Fax: (415) 771-7010

Dan S. Smith
Dan Solomon Smith, LLC
339 Main St., Suite 2D
Orange, NJ 07050
Tel: (973) 674-7200
Fax: (973) 674-6676

Cheryl M. Stanton
Ogletree Deakins Nash Smoak & Stewart PC
10 Madison Ave., Ste. 402
Morristown, NJ 07960
Telephone: 973-656-1600

Patricia A. Sullivan
John D. Doran
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Richard Tanenbaum, Esq.
The Law Offices of Richard Tanenbaum
1131 McDonald Avenue
Brooklyn, NY 11230
Tel: (718) 252-3366
Fax: (718) 252-9280

Donald R. Taylor
Taylor & Dunham, L.L.P.
327 Congress Avenue, Suite 600
Austin, Texas 78701
Tel: 512-473-2257
Fax: 512-478-4409

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908

Michael J. Watton
Watton Law Group
225 East Michigan St., Ste. 550
Milwaukee, WI 53202
Telephone: 414-273-6858
Facsimile: 414-273-6894

Dennis M. Brennan
215 West Marion Street
South Bend, IN 46601

Hoyt Rowell, III
Daniel O. Myers
Richardson Patrick Westbrook & Brickman LLC
1037 Chuck Dawley Blvd., Bldg A
Mt. Pleasant, SC 29464

Kevin J. Driscoll
Jack D. Hilmes
Finley Alt Smith Scharnberg Craig Hilmes & Gafney PC
699 Walnut St., 1900 Hub Tower
Des Moines, IA 50309-3773

Charles N. Nauen
Lockridge Grindal Nauen PLLP
100 Washington Ave. S., Ste. 2200
Minneapolis, MN 55401

Michael R. Reck
Belin Lamson McCormick Zumbach Flynn
666 Walnut St., Ste. 2000
Des Moines, IA 50309-3989

Cheryl F. Perkins
Charles W. Whetstone, Jr.
Whetstone Myers Perkins and Young LLC
P. O. Box 8086
Columbia, SC 29202

C. Victor Pyle III
Ogletree Deakins Nash Smoak and Stewart
1320 Main St., Ste. 600
Columbia, SC 29201


By:___s/Alison G. Fox_____

    BAKER & DANIELS LLP
    205 West Jefferson Blvd., Suite 250
    South Bend, IN 46601