UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) ) ) | CAUSE NO. 3:05-MD-527 RM (MDL-1700)<br><br>THIS DOCUMENT RELATES TO ALL CASES |

## INITIAL SCHEDULING ORDER

On October 24, 2005, this Court conducted a Fed. R. Civ. P. 16(b) preliminary pretrial conference. Due to the parties' representation that given more time, they would be able to reach an agreement related to deadlines and limitations on discovery, class certification, and document numbering issues, this Court afforded parties until November 7, 2005, to meet and confer with regards to these issues. This Court then continued the Rule 16(b) preliminary pretrial conference to November 28, 2005. Despite parties' initial disagreement over the deadlines and limitations on discovery and class certification issues, there were numerous areas upon which parties agreed. Therefore, this Court now enters its initial scheduling order which encompasses those deadlines upon which parties agree. While not specifically incorporated in this order, the court's August 30, 2005 practice and procedure order remains in full force and effect regarding the filings, attorney admissions, and CM/ECF issues.

### I. PRETRIAL CONSOLIDATION AND COORDINATION

A.   Consolidated Cases

By order of the Judicial Panel on Multidistrict Litigation ("MDL Panel"), the cases listed in Exhibit A of this Order have been transferred to this forum for coordinated pretrial proceedings.

B.   Applicability of Order

The terms of this Order shall apply automatically to the actions listed in Exhibit A and to all other cases that become a part of this proceeding by virtue of being instituted in, removed to, or transferred to this Court (including cases transferred pursuant to: (a) Local Rules; (b) 28 U.S.C. § 1404(a); or (c) 28 U.S.C. § 1407)). This Order also vacates any prior scheduling order issued by any other federal court prior to transfer of a case to MDL 1700. The local rules of a federal transferor court will not be binding on the parties after a case has been transferred to MDL-1700, so long as the case remains before this transferee court.

C.    Dissemination of Order

Plaintiffs' Co-Lead Counsel (as designated below) shall within five (5) days of the date of this Order send (by overnight delivery) a copy of this Order to all plaintiffs' counsel in all actions to which this Order applies. Defendants' Liaison Counsel (as designated below) shall within five (5) days of the date of this Order send (by overnight delivery) a copy of this Order to counsel for any defendants in any newly filed action that are not defendants in any action listed in Exhibit A.

Upon subsequently learning that this Order is or may be applicable to any other action, Plaintiffs' Co-Lead Counsel shall immediately send (by overnight delivery) a copy of this Order to counsel in that action, and send to defendants a copy of the proof of service.

D.    Future Transfers of Tag-Along Actions

Subsequent actions that are transferred to these MDL proceedings, "tag-alongs", shall automatically be made part of these coordinated proceedings upon transfer to this Court. Prior rulings on common issues issued by this Court in these proceedings shall be automatically deemed to have been made in such newly-transferred cases. Discovery already taken at the time

of transfer shall be made available in the tag-along actions. Except for good reason shown, any tag-along actions transferred to this Court will be expected to adhere to the schedule established by this Case Management Order.

## II. ORGANIZATION OF COUNSEL

A.    Plaintiffs' Co-Lead Counsel

Plaintiffs' counsel hereby agree to the appointment of the following law firms as Plaintiffs' Co-Lead Counsel with the responsibilities hereinafter described:

> Lynn Rossman Faris
> LEONARD CARDER, LLP
> 1330 Broadway Avenue, Suite 1450
> Oakland, CA 94612
> Tel.: (510) 272-0169
>
> Susan E. Ellingstad
> LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
> 100 Washington Avenue South, Suite 2200
> Minneapolis, MN 55401
> Tel.: (612) 339-6900
>
> Robert I. Harwood
> WECHSLER HARWOOD LLP
> 488 Madison Avenue, 8th Floor
> New York, NY 10022
> Tel.: (212) 935-7400

Plaintiffs' Co-Lead Counsel shall be generally responsible for coordinating activities of plaintiffs, after appropriate consultation with co-counsel, during pre-trial proceedings and shall:

    1).    Determine for the Court and opposing parties the position of the plaintiffs in all matters arising during pre-trial proceedings;

    2).    Delegate specific tasks to other counsel in a manner to ensure that pretrial

preparation for plaintiffs is conducted effectively, efficiently, and economically;

       3).     Enter into stipulations with opposing counsel necessary for the conduct of the litigation;

       4).     Prepare and distribute to the parties periodic status reports;

       5).     Maintain adequate time and disbursement records covering services and expenditures of plaintiffs' counsel;

       6).     Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

       7).     Maintain complete files with copies of all documents served upon them and shall make such files available to all Plaintiffs' counsel;

       8).     Maintain and make available to all counsel and the Court an up-to-date service list;

       9).     Receive and, as appropriate, distribute to co-counsel orders from the Court, and documents from opposing parties and counsel;

       10).     Represent plaintiffs in all mediation proceedings and settlement negotiations; and

       11).     Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further Order of this Court.

In addition, Plaintiffs' Co-Lead Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

Defendants' counsel may rely upon all agreements made with Plaintiffs' Co-Lead Counsel, and such agreements shall be binding on all plaintiffs whose cases are subject to the jurisdiction of the Court, to the extent that the agreements are made on their behalf. Defendants' stipulation to this Case Management Order is not an indication that defendants participated in, agree with or take any position with respect to Plaintiffs' Lead Counsel's decisions concerning the allocation of responsibilities among plaintiffs and/or plaintiffs' counsel.

B.      Plaintiffs' Liaison Counsel

Plaintiffs' counsel hereby designate the following law firm to act as liaison counsel:

> John Hamilton
> HAMILTON LAW FIRM
> 300 North Michigan Street
> Suite 454
> South Bend, Indiana 46601
> Tel.: (574) 289-9987

Plaintiffs' Liaison Counsel is charged with the following duties and responsibilities for the duration of this litigation:

1). Receive orders, notices, correspondence, and telephone calls from the Court and the Clerk of the Court on Plaintiffs' behalf;

2). Receive orders and notices from the Judicial Panel on Multidistrict Litigation; and

3). Coordinate and assist with electronic filing and docketing of pleadings, briefs, motions and hearings.

Defendants' stipulation to this Case Management Order is not an indication that Defendants participated in, agree with or take any position with respect to Plaintiffs' Liaison Counsel's decisions concerning the allocation of responsibilities among Plaintiffs and/or

Plaintiffs' counsel.

      C.    <u>Plaintiffs' Steering Committee</u>

Plaintiffs' counsel hereby designate the following firms, along with co-lead counsel, to serve as members of the Plaintiffs' Steering Committee ("PSC"):

> Jerald R. Cureton
> CURETON CAPLAN, P.C.
> 950 B Chester Avenue
> Delran, New Jersey 08075
> Tel.: (856) 824-1001
>
> Jordan M. Lewis
> SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.
> 1845 Walnut Street, 24th Floor
> Philadelphia, PA 19103
> Tel.: (215) 814-9322
>
> J. Gordon Rudd
> ZIMMERMAN REED
> 651 Nicollet Mall, Suite 501
> Minneapolis, MN 55401
> Tel.: (612) 341-0400

Plaintiffs' Steering Committee, in consultation with Plaintiffs' Co-Lead Counsel, shall be responsible for:

      1).    Assisting with the coordination of the activities of plaintiffs during pretrial proceedings;

      2).    Monitoring the activities of co-counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

      3).    Performing such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court.

Defendants' stipulation to this Case Management Order is not an indication that

defendants participated in, agree with or take any position with respect to Plaintiffs' Steering Committee's decisions concerning the allocation of responsibilities among Plaintiffs and/or Plaintiffs' counsel.

D.     Defendants' Co-Lead Counsel

John H. Beisner and Robert M. Schwartz of O'Melveny & Myers LLP (Washington, D.C., and Los Angeles, California, respectively) shall be Defendants' Co-Lead Counsel. Defendants' Co-Lead Counsel shall discharge the following duties:

    1).     To be lead counsel for defendants;

    2).     To coordinate, determine, and present the positions of the defendants on all matters arising during all pretrial proceedings;

    3).     To coordinate for defendants the initiation and conduct of discovery consistent with the requirements of Fed. R. Civ. P. 26(b)(1) and (2) and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

    4).     To direct and coordinate the work of all defendants' counsel and to make assignments of work to be performed in the prosecution of the case in a manner to assure that pretrial preparation is conducted effectively, efficiently and economically;

    5).     To monitor the activities of defendants' counsel to assure that schedules are met and that unnecessary expenditures of time and expenses are avoided;

    6).     To enter into stipulations with opposing counsel necessary for the conduct of the litigation;

    7).     To communicate with all defendants' counsel information concerning the

status of any developments in this proceeding;

        8).    To call meetings of other defendants' counsel to effectuate these provisions;

        9).    To receive orders and notices from the Judicial Panel on Multidistrict Litigation, pursuant to Rule 8(e) of the Panel's Rules of Procedure, on behalf of defendants, and to prepare and transmit copies of orders and notices to defendants; and

        10).    To perform such other duties as may be incidental to proper coordination of defendants' pretrial and trial activities or authorized by further order of the Court.

Plaintiffs' counsel may rely upon all agreements made with Defendants' Co-Lead Counsel, and such agreements shall be binding on all defendants whose cases are subject to the jurisdiction of the Court, to the extent that the agreements are made on their behalf. Plaintiffs' stipulation to this Case Management Order is not an indication that plaintiffs participated in, agree with or take any position with respect to Defendants' Lead Counsel's decisions concerning the allocation of responsibilities among defendants and/or defendants' counsel.

    E.    <u>Defendants' Liaison Counsel</u>

Thomas J. Brunner of Baker & Daniels LLP, South Bend, Indiana shall serve as Defendants' Liaison Counsel. Counsel for each defendant in this proceeding shall note their appearances with the Court. The Defendants' Liaison Counsel shall discharge the following duties:

        1).    To maintain and distribute to defendants' counsel and to Plaintiffs' Co-Lead Counsel and Plaintiffs' Liaison Counsel an up-to-date service list as to defendants;

        2).    To receive orders and notices from the Court on behalf of all defendants

and to prepare and transmit copies of orders and notices to all defendants;

        3).      To receive materials filed by plaintiffs and to distribute such materials to all defendants;

        4).      To maintain complete files, with copies of all documents served upon them, and to make those files available to defendants; and

        5).      To perform other such duties as necessary.

Defendants' Liaison Counsel is hereby designated as the counsel for defendants upon whom all notices, orders, pleadings, motions, discovery and memoranda are to be served, except for case-specific matters, which shall be served on Defendants' Liaison Counsel, as well as on Co-Lead Counsel and on the attorneys of record in that particular case.

Plaintiffs' stipulation to this Case Management Order is not an indication that plaintiffs participated in, agree with or take any position with respect to Defendants' Liaison Counsel's decisions concerning the allocation of responsibilities among defendants and/or defendants' counsel.

### III.  COORDINATION WITH STATE COURT PROCEEDINGS

To facilitate this effort to achieve any appropriate informal coordination among this proceeding and any parallel state court cases, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel are requested jointly to provide this Court within ten (10) days after the issuance
of this Order a list of all parallel state court cases of which they are aware and to supplement the list as appropriate.

## IV. SERVICE OF DOCUMENTS

### A. Orders

The Clerk shall serve each Order that applies to all cases in the MDL proceeding electronically to all counsel who have registered for Electronic Service, and shall serve each Order that applies only to particular cases electronically to all counsel in those cases and to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel.

### B. Pleadings, Motions, and Other Documents

Motions claiming default or seeking other penalties or sanctions against a party for failure to take some action within a time period measured from the date of service of a document must be served on Co-Lead Counsel and on counsel of record for that party. Case specific filings (*i.e.,* papers that affect only a particular party or a particular case – for example, a motion seeking to dismiss a party in a case or to remand a case to state court) must be served on counsel in that specific case and Plaintiffs' and Defendants' Co-Lead Counsel.

### C. Discovery Requests and Responses

Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court, except when specifically ordered by the Court or to the extent they are presented in connection with a motion.

## V. EARLY DISCOVERY AND BIFURCATION

### A. Bifurcation of Liability and Damages

The proceedings in the coordinated actions shall be bifurcated between liability and damages.

### B. Discovery Guidelines

    1.  <u>Cooperation</u>

  The parties are expected to work cooperatively and in good faith to limit the costs of discovery.

    2.  <u>Production</u>

  All document production is to be in electronic format, with both sides sharing the costs of processing and producing discovery in electronic format. The parties agree to meet and confer to discuss issues related to the format of electronic document production in an attempt to reach agreement.

  C.  <u>Early Disclosures</u>

  The parties have agreed to the initial phases of discovery, set forth below:

    1.  <u>General Non-Testimonial Discovery</u>

  Defendants shall produce electronically all versions of updated manuals, policies and procedures, training materials and recruitment materials maintained by FedEx Ground and FedEx Home Delivery on their company intranets, to be completed no later than **December 1, 2005.**

    2.  <u>*Estrada* Discovery</u>

  By **January 8, 2006**, defendants shall provide to plaintiffs portions of the discovery produced in *Estrada v. FedEx Ground Package System, Inc.* (Los Angeles County Superior Court Case BC 210130). This production shall include: any general materials produced, such as policies, procedures, training or recruiting materials; deposition and trial transcripts; and trial exhibits. The parties agree to submit a joint stipulation to the *Estrada* court requesting the release of the trial transcript and exhibits by mid-November, 2005. The documents produced

11

shall be subject to the Protective Order entered in this case. Plaintiffs' Co-Lead Counsel Faris will be responsible for ensuring that personal information contained in such production is adequately protected.

      3.      <u>Initial Disclosures</u>

Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be provided to each side's respective Co-Lead Counsel no later than **January 8, 2006.**

      4.      <u>Initial Production</u>

Plaintiffs shall produce all documents identified in their initial disclosures no later than **January 8, 2006.** Defendants' shall produce all documents identified in their initial disclosures not otherwise called for in paragraphs 1, 2 and 5 herein, no later than **January 8, 2006.**

      5.      <u>Terminal-Specific Non-Testimonial Discovery</u>

Defendants shall make good faith effort to produce a substantial amount of terminal specific documents regarding all named plaintiffs in the cases listed in Exhibit A, consisting of individual driver Department of Transportation files, "Business Discussion," files, "Unit History" files, and "Contractor Business Plans," by **February 15, 2006**, with the remaining documents produced by March 15, 2006.

### VI.   MISCELLANEOUS MOTIONS AND DEADLINES

    A.    <u>Pending Motions</u>

All motions pending in these cases that were filed in their transferor courts are hereby withdrawn without prejudice upon the consent of the parties. The motions may be refiled pursuant to the deadlines established in this order. Therefore, all pending motions originating in a transferor court are now **DENIED AS MOOT**.

B.   Amended Pleadings

Parties may file any amended pleadings without leave of court by **January 8, 2006**. After January 8, 2006, parties may amend their pleadings, but only upon motion and leave of court.

C.   Motions to Remand

Any motion to remand shall be filed no later than **December 15, 2005**. In accordance with N.D. L.R. 7.1(a) an adverse party shall have fifteen days after service of a motion in which to serve and file a response, and the moving party shall have seven days after service of a response in which to serve and file a reply.

D.   Fed. R. Civ. P. 12 Motions

Should any Defendant decide to file a motion to dismiss any or all portions of a complaint or amended complaint, or move for judgment on the pleadings, such motions shall be filed by **April 15, 2006**. In accordance with N.D. L.R. 7.1(a) an adverse party shall have fifteen days after service of a motion in which to serve and file a response, and the moving party shall have seven days after service of a response in which to serve and file a reply.

E.   Discovery Limitations and Class Certification Deadlines

Upon completion of the Rule 16(b) preliminary pretrial conference, this Court will enter a scheduling order that will control the course of this litigation as it relates to discovery and class certification issues.

### VII. ANCILLARY MATTERS

This initial scheduling order addresses the various scheduling issues that parties have agreed upon. Although parties have now twice been ordered by this Court to meet and confer to

reach an agreement on all scheduling issues, there are numerous issues on which the parties have not been able to reach an agreement. Therefore, this matter was continued to November 28, 2005, at 4:00 p.m. (South Bend time) at which time this Court will specifically address the following scheduling issues: 1) Class certification- including related discovery issues and the timing of motions; 2) Discovery- including relevant limitations, possible sequencing, and deadlines; 3) Expert witnesses- deadlines for disclosing potential expert witnesses and for serving the expert witness reports; and 4) Numbering of Documents. At the conclusion of the continued 16(b) preliminary pretrial conference, this Court will issue a scheduling order which fully sets forth the limitations and deadlines on these remaining issues.

**SO ORDERED.**

Dated this 15th Day of November, 2005.

s/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge

**EXHIBIT A**

| Case Name | Original Court |
|---|---|
| *Alexander, et al. v. FedEx Ground Package System, Inc., FedEx Home Delivery, Does 1-20* | Northern District of California |
| *Anfinson, et al. v. FedEx Ground Package System, Inc., Schnebeck, Pilakowski, John Does 1-10* | Western District of Washington |
| *Bertram, et al. v. Federal Express Corp., FedEx Ground Package System, Inc., d/b/a FedEx Home Delivery, and their respective health benefit and pension plans, DOES 1-20* | Western District of Kentucky |
| *Bunger, et al. v. FedEx Ground Package System, Inc., FedEx Home Delivery* | District of South Dakota |
| *Capers, et al. v. FedEx Ground Package System, Inc., Gaskins, Rettinger, Gelhausen, Collins, DiMaio, FedEx Corp., John Doe and Jane Doe 1-10* | District of New Jersey |
| *Carlson, et al. v. FedEx Ground Package System, Inc.* | Middle District of Florida |
| *Carraher, et al. v. FedEx Ground Package System, Inc.* | Middle District of Florida |
| *Cooke v. FedEx Ground Package System, Inc.* | District of South Carolina |
| *Craig, et al. v. FedEx Ground Package System, Inc.* | District of Kansas |
| *Fleming, et al. v. FedEx Corp., FedEx Ground Package System, Inc., FedEx Home Delivery, Does 1-5* | Northern District of Mississippi |
| *Gregory v. FedEx Ground Package System, Inc.* | Eastern District of Virginia |
| *Gennell, et al. v. FedEx Corp., FedEx Ground Package System, Inc., FedEx Home Delivery* | District of New Hampshire |

| | |
|---|---|
| *Griffin, et al. v. FedEx Corp., FedEx Ground Package System, Inc., FedEx Home Delivery, Does 1-20* | Northern District of Illinois |
| *Hart v. FedEx Ground Package System, Inc.* | Western District of Pennsylvania |
| *Humphreys, et. al v. Federal Express Corp., FedEx Ground Package System, Inc., FedEx Home Delivery* | Western District of Texas |
| *Johnson, et al. v. FedEx Home Delivery, FedEx Ground Package System, Inc.* | Eastern District of New York |
| *Johnson v. FedEx Ground Package System, Inc., FedEx Home Delivery, and their respective health and benefit plans, Does 1-20* | Southern District of Iowa |
| *Kilmartin v. Federal Express Incorporated, Federal Express (Cranbury Location), John Does 1-5 and John Does 6-10* | District of New Jersey |
| *Larson, et al. v. FedEx Ground Package System, Inc.* | Eastern District of Wisconsin |
| *Lee, et al. v. FedEx Corp., FedEx Ground Package System, Inc., FedEx Home Delivery, Does 1-20* | District of Minnesota |
| *Lester, et al. v. Federal Express Corp., FedEx Ground Package System, Inc., FedEx Home Delivery* | Eastern District of Michigan |
| *Louzau, et al. v. FedEx Ground Package System, Inc.* | Southern District of New York |
| *Riewe, et al. v. FedEx Corp., FedEx Ground Package System, Inc., FedEx Home Delivery, Respective Health Plans Does 1- 20* | Northern District of Indiana |
| *Sheehan, et al. v. FedEx Ground Package System, Inc., FedEx Home Delivery* | District of Massachusetts |
| *Slayman v. FedEx Ground Package System, Inc.* | District of Oregon |
| *Smith, et al. v. FedEx Ground Package System, Inc., FedEx Home Delivery, Respective Health Plans Does 1-20* | Western District of Tennessee |

| *Tierney, et al. v. FedEx Ground Package System, Inc.* | District of Rhode Island |
| --- | --- |
| *Tofaute v. FedEx Ground Package System, Inc.* | District of New Jersey |
| *Willis v. FedEx Ground Package System, Inc., FedEx Corp.* | Eastern District of Pennsylvania |
| *Woomer v. FedEx Ground Package System, Inc.* | Western District of Pennsylvania |
| *Zabrocki v. FedEx Ground Package System, Inc.* | Western District of Wisconsin |