UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | Cause No. 3:05-MD-527 RM (MDL-1700) <br><br> THIS DOCUMENT RELATES TO 3:05-CV-598 |

OPINION AND ORDER

For the reasons that follow, the court denies the plaintiffs' motion [Doc. No. 40] to remand this case to the state court from which it was removed.

Jeffrey Hart filed this putative class action in the Court of Common pleas of Allegheny County, Pennsylvania on behalf of himself and all persons who were (or are) employed by FedEx Ground Package System, Inc. in the Commonwealth of Pennsylvania as local package delivery drivers and were (or are) improperly classified as "independent contractors." FedEx Ground filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and removed the case to United States District Court for the Western District of Pennsylvania. The case was transferred to this court pursuant to 28 U.S.C. § 1407, and the plaintiffs moved the court to remand the action as it either lacks federal subject matter jurisdiction or was improperly removed.

The plaintiffs attack FedEx Ground's assertion that federal subject matter jurisdiction exists under both 28 U.S.C. §§ 1331 an 1332. First, the plaintiffs argue that the complaint alleges only state law claims, so any assertion that the

claims raise a federal question cannot form the basis for removal. Second, the plaintiffs argue the court cannot exercise its jurisdiction under 28 U.S.C. § 1332 because the statute precludes the court from exercising jurisdiction over the putative class. The court addresses each in turn.

FedEx Ground's federal question argument for removal strongly relies on Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S. Ct. 2363 (2005). While Grable "resolved a conflict in the Supreme Court's own decisions by holding that federal jurisdiction does not depend on the existence of a private right of action under federal law," Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 450 (7th Cir. 2005), it also reiterated that "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons v. Darue Eng'g, 125 S. Ct. at 2367.

FedEx acknowledges that the complaint alleges only Pennsylvania state law claims on its face, but says it necessarily raises a substantial issue of federal law because a court resolving the claims will have to apply contested areas of federal wage and hour laws, federal tax laws, and/or the laws pertaining to social security contributions. The complaint, however, doesn't raise these federal issues, which are identified only in the context of FedEx Ground's argument against liability. Absent preemption issues, federal issues raised in defense of state law claims neither provide adequate ground to exercise federal jurisdiction under § 1331, Nelson v. Stewart, 422 F.3d 463, 466 (7th Cir. 2005), nor provide the basis for a

2

substantial and contested federal issue under <u>Grable</u>. Accordingly, 28 U.S.C. § 1331 cannot provide a basis for removal.

FedEx Ground's asserts 28 U.S.C. § 1332(d) as its second basis for subject matter jurisdiction. Under that provision of the diversity jurisdiction statute, FedEx Ground must make a showing that: (1) the putative class consists of at least 100 members; (2) at least one of those members are of diverse citizenship with it; and (3) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). FedEx Ground, as the proponent of jurisdiction, bears the risk of non-persuasion. <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d at 447-449.

The plaintiffs argue that FedEx Ground has not shown that minimal diversity exists. FedEx Ground responds with affidavits of three of its employees with personal knowledge of the primary and work residences of several alleged plaintiffs. The plaintiffs' reply doesn't challenge the affidavits' veracity or competence, but rather reiterates the argument that FedEx Ground has failed in persuading the court that jurisdiction exists. FedEx Ground has made the requisite showing that at least one of the putative class members is not of the same citizenship as FedEx Ground. As noted in the complaint, the putative class consists only those who worked in Pennsylvania, and not exclusively Pennsylvania citizens. When coupled with FedEx Ground's assertion regarding the putative class's size, as well as the amount in controversy, the affidavits adequately show that at least one of the putative class members is not a citizen of Pennsylvania.

3

The plaintiffs have provided nothing to refute this evidence other than argument. Original jurisdiction exists under 28 U.S.C. § 1332(d)(2).

The inquiry doesn't end there. 28 U.S.C. § 1332(d)(4)(B) precludes the court from exercising that jurisdiction if two-thirds or more of the putative class and the defendant are citizens of the state in which the action was filed. The parties dispute as to whose burden it is to prove or disprove whether the fractional composition of the putative class precludes the court from hearing the case: FedEx Ground argues that the plaintiffs, as the party seeking to assert an exception to the jurisdiction statute, must carry the risk of non-persuasion; the plaintiffs argue that § 1332(d)(4)(B) is an additional requirement to jurisdiction, with the traditional burden allocated to the proponent of jurisdiction.

Section 1332(d)(2) establishes when the court "shall" have original jurisdiction to hear certain class actions. In contrast, § 1332(d)(4)(B) deals not with whether the court has jurisdiction, but rather when the court can exercise that jurisdiction. Section 1332(d)(4)(B) does not implicate the traditional allocation of the burden that exists with § 1332(d)(2) because the question is no longer who proposes or opposes jurisdiction, bur rather whether the right circumstances exist to prevent the court from exercising its jurisdiction.

28 U.S.C. § 1332(d)(8) supports this conclusion by allowing a party to argue that § 1332(d)(4)(B) precludes the exercise of jurisdiction over a class even after the court has discerned the class members and certified the class. With this provision, Congress recognized the need for a factual record to determine the

citizenship of putative class members, especially in light of its allocation of the court's discretion based solely on a specific fractional breakdown.

A party seeking the benefit of § 1332(d)(4)(B) bears the burden to show that its provisions apply. FedEx Ground is under no obligation to show the putative class members are made up of less than two-thirds citizens of Pennsylvania at this time. While the plaintiffs' remand motion does raise serious issues regarding the fractional composition of the putative class members' citizenship, there is no evidence in the record that requires the court to decline its jurisdiction.[1]

Because FedEx Ground has properly shown that subject matter jurisdiction exists over this putative class action under 28 U.S.C. § 1332(d)(2), removal was appropriate and the plaintiffs' motion for remand is DENIED [Doc. No. 40].

SO ORDERED.

DATED: January 13, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
U.S. District Court

---

[1] This finding does not preclude the plaintiffs from making a future motion under § 1332(d)(8) when appropriate.