UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION <br> ------------------------------------------------- <br> THIS DOCUMENT RELATES TO: <br> *Anfinson, et al. v. FedEx Ground Package System, Inc., et al.* <br> 3:05-CV-542 | Cause No. 3:05-MD-527 RM <br> (MDL-1700) |

## OPINION and ORDER

This matter is before the court on the plaintiffs' motion for remand. The plaintiffs argue this court has no subject matter jurisdiction over the action because (1) the amount in controversy at the time of removal did not exceed $75,000, and (2) there is not complete diversity of parties. The defendants assert that the actual controversy exceeded the required jurisdictional amount and that the non-diverse defendants were fraudulently joined. For the reasons that follow, the court grants the motion for remand.

The following facts are recited only for the resolution of this motion. On December 21, 2004, Randy Anfinson, James Geiger, and Steven Hardie filed a complaint on behalf of themselves and others similarly situated against FedEx Ground Package System, Inc., John Schnebeck, Cheryl Pilakowski, and John Does 1 through 10 in the King County Superior Court in the State of Washington. The complaint brought two claims: first, that the defendants failed to pay the alleged class members one and one-half their regular rate of pay for hours worked

in excess of 40 in a work week, which violated WASH. REV. CODE §§ 49.46.130 and 49.52.050(2); and second, the defendants' failure to furnish required uniforms at no cost, or in the alternative, to compensate plaintiffs for the cost of uniforms violated WASH. REV. CODE § 49.12.450. While the complaint requested damages not yet calculated, it explicitly requested lost wages and uniform expense incurred through December 31, 2005 (in amounts proven at trial), exemplary damages of twice the wages due to class members (pursuant to WASH. REV. CODE § 49.52.070), attorneys fees and costs (pursuant to WASH. REV. CODE §§ 49.46.090, 49.52.030, and 49.52.070), prejudment interest, and declaratory relief finding the defendants violated Washington's Minimum Wage Act.

The defendants removed the complaint to the United States District Court for the Western District of Washington based on 28 U.S.C. § 1332. The plaintiffs moved for remand in the Washington district court, but the Washington district court stayed the proceeding pending ruling by the Judicial Panel on Multi-District Litigation. Ultimately, the Panel granted FedEx Ground's transfer and consolidation request, and the case was transferred to this court, where the plaintiffs re-filed their motion for remand to state court.

After briefing was completed in this court, the parties requested an additional opportunity to brief the issue of amount in controversy, as the parties disagreed on the impact of Mr. Hardie's recent decision to end his employment with FedEx Ground. The court granted the parties' request, and the issue was addressed in supplemental briefs.

The defendants removed this case pursuant to 28 U.S.C. §§ 1332 and 1441, so the court has jurisdiction only if at the time of removal "the matter in controversy exceed[ed] the sum or value of $75,000, exclusive of interest and costs, and [it was] between . . . citizens of different States." 28 U.S.C. § 1332(a). As the proponents of jurisdiction, the defendants bear "the burden of alleging and if necessary proving that the case was indeed within the federal diversity jurisdiction [at the time it was removed]." Workman v. United Parcel Serv., Inc., 234 F.3d 998, 999 (7th Cir. 2000). The plaintiffs argue that neither component of diversity jurisdiction exists—the parties are not completely diverse and the amount in controversy does not exceed $75,000. The defendants argue the non-diverse defendants were fraudulently joined and the actual amount in controversy, inclusive of attorneys fees and prospective relief, well exceeds the required jurisdictional amount. Only the issue of the amount in controversy requires resolution, as that alone divests this court of jurisdiction.

The plaintiffs, as masters of their complaint, "may limit [their] claims (either substantive or financial) to keep the amount in controversy below the threshold. Thus part of the removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands." Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005). Because the plaintiffs contest the material facts relied on by the defendants in their removal petition, the defendants must prove "those jurisdictional facts by a preponderance of the evidence . . . [and] [o]nly if it is 'legally certain' that the

3

recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be [remanded]." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006).

While the parties don't agree on the correct way to calculate the amount in controversy (or, for that matter, the monetary amounts to be used in such a calculation), a step-by-step analysis of the parties' objections to the others' calculations is unnecessary. Based on the record before the court, and even when assuming the defendants' calculations are accurate, it is legally certain that the amount in controversy does not reach the jurisdictional minimum.

The defendants use Mr. Hardie's alleged damages as proof that the amount in controversy exceeds $75,000. They calculate Mr. Hardie's alleged damages as follows: $46,308.30 for the value of Mr. Hardie's monetary damage claims for overtime, uniform, and exemplary damages for December 21, 2001 through December 24, 2005; $27,854.16 for the projected value of Mr. Hardie's claims for overtime and uniform damages from December 24, 2005 through August 30, 2007; $8,153.76 for Mr. Hardie's *pro rata* share of plaintiffs' claim for attorneys fees; and $8,565.24 per year for the cost of complying with the declaration that Mr. Hardie is and was an employee.

The parties agree that December 21, 2001 is the correct start date for the time frame to be used to calculate the plaintiffs' alleged monetary damages, but disagree as to the end date. The complaint clearly states the plaintiffs are not seeking damages for any future failures to pay wages or provide uniforms that

4

occur after December 31, 2005, and the plaintiffs argue this should control. The defendants respond that this date should not be used as the end date for damages because the plaintiffs cannot arbitrarily limit the amount in controversy by waiving their right to any overtime payments accrued after December 31, 2005.

The court doesn't read the complaint as waiving any rights to be paid overtime or be compensated for uniforms. The complaint merely identifies the legally relevant time in which the plaintiffs seek to recover monetary damages in this lawsuit for alleged violations occurring between December 21, 2001 through December 31, 2005. As masters of their complaint, the plaintiffs may limit the scope of this litigation, and the defendants may not usurp that right by expanding the scope of the complaint in an effort to satisfy the jurisdictional requirements. *See* Brill v. Countrywide Home Loans, Inc., 427 F.3d at 449.

The defendants assert that if the plaintiffs successfully show at trial that the defendants have violated the plaintiffs' rights to wage and uniforms continuously, the factfinder (and the court) would be obliged to remedy such a violation under Washington law. It would follow, then, that any possible relief from such a showing must be added to the total amount in controversy. This argument is unpersuasive because any evidence of alleged violations after December 31, 2005 would be excluded from the factfinder's consideration as irrelevant. The complaint only demands monetary damages from December 21, 2001 through December 31, 2005.

5

The defendants provide the court with no adequate basis to extend the relevant time frame, so the $27,491.84 that defendants include for monetary damages beyond December 31, 2005 won't be calculated for jurisdictional purposes. Neither party provided the court with that amount from the necessary perspective. Based on the figures set forth at page 3 of the defendants' supplemental brief, the daily monetary damages for the period from December 24, 2005 through August 2007 is $45.29 ($27,854.16/615 days), so the monetary damages for the last week of 2005 would be $362.32. Adding that to the calculated monetary damages through December 23, 2005 ($46,308.30), the monetary damages in controversy for the time frame alleged in the complaint (December 21, 2001 through 2005) is $46,670.62.

Next, the plaintiffs argue that no alleged cost of requested declaratory relief should be considered for jurisdictional purposes because the law does not require the defendants to allow the plaintiffs to work overtime if the court finds them employees. The defendants disagree, stating that the cost of complying with such a declaration would amount to $8,565.24 per year.

For the court to consider the plaintiffs' declaratory relief for jurisdictional purposes, the defendants must show why complying with such declaration affects the amount in controversy. *See* Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d at 543. To meet this burden, the defendants assert that a declaration that Mr. Hardie was an employee would require the defendants to continue to provide him with overtime work and pay at the very least through his future years of employment

at FedEx Ground. The plaintiffs say that any such declaratory relief should not affect the amount in controversy because, while the plaintiffs seek payment of overtime wages and uniform expenses for a specified amount of time, there is nothing requiring the defendants to provide overtime work, let alone overtime pay, beyond that time frame.

The defendants cite to several cases for the proposition that the court can and should consider the cost of complying with equitable/injunctive relief for jurisdictional purposes. *See* BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548 (7th Cir. 2002); The Barbers, Hairstyling for Men & Women, Inc. v. Bishop, 132 F.3d 1203 (7th Cir. 1997); and Milwaukee Mailing, Shipment & Equip., Inc. v. Neopost, Inc., 259 F. Supp. 2d 769 (E.D. Wis. 2003). Declaratory relief, though, differs from equitable relief, *see* Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 649-650 (7th Cir. 2002) ("actions for declaratory judgments are neither legal nor equitable"), and the defendants have presented no special facts or law showing why the declaration sought by the plaintiffs is tantamount to an injunction requiring the defendants to provide the plaintiffs with future overtime hours to work (even if the plaintiffs would be entitled to overtime pay if they worked such hours). Any amount premised on paying future overtime wages is also contingent on the plaintiffs actually working those hours, which is neither within the scope of the declaratory relief sought by the plaintiffs nor required by Washington or federal law. For jurisdictional purposes, then, the court

must disregard the cost of any prospective relief premised on future overtime work.

The analysis differs for future uniform expenses. WASH. REV. CODE § 49.12.450 compels an employer to furnish employees with required uniforms at no cost. A declaration that the plaintiffs are employees would act like an injunction requiring the defendants to provide future uniforms to the plaintiffs, and the cost of complying must be included in the amount in controversy. For the defendants to satisfy the jurisdictional amount, though, the cost of future uniforms would have to be very significant: without the cost of future uniforms, the amount in controversy doesn't exceed $54,824.38 ($46,670.62 in monetary damages plus Mr. Hardie's pro rata share of the attorneys' fees in the sum of $8,153.76). To satisfy the amount in controversy requirement for federal diversity jurisdiction, then, the defendants must show that providing Mr. Hardie with uniforms after December 23, 2005 would cost them $20,175.63.

The defendants urge the court to adopt the method of calculating the value of equitable relief found in Milwaukee Mailing v. Neopost, 259 F. Supp. 2d 769, in which the court essentially used past data on loss to infer future loss and cost amounts. The Milwaukee Mailing court queried "how far into the future" it should look when assessing future losses and costs for jurisdictional analysis because the law hasn't defined such a limit, 259 F. Supp. 2d at 773 n.1, but left the question unresolved because the plaintiff's future losses would exceed the jurisdictional

amount "in a relatively short time," satisfying the court that it had jurisdiction over the claim. Id.

The cost to these defendants of complying with the plaintiffs' requested declaration will not exceed the jurisdictional amount in a relatively short time. The cost of providing uniforms to Mr. Hardie would be, by the defendants' own submissions, merely $0.83 a day. It would take nearly 67 years of future employment for the cost of providing Mr. Hardie with future uniforms to exceed the jurisdictional minimum. Mr. Hardie was 30 years old at the time of removal, and it is too speculative to assert that Mr. Hardie might still be employed at FedEx Ground at age 97. While the amount in controversy should include the cost of providing uniforms, the facts needed for that cost to push the amount in controversy above the jurisdictional minimum are too speculative to be the basis for this court's jurisdiction over this dispute. See BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d at 554 (disregarding factual assertions too speculative to affect the jurisdictional analysis).

Without the projected monetary damages for the period after December 31, 2005 or the prospective per year cost of complying with declaratory relief, it is legally certain that amount in controversy falls below the jurisdictional minimum. Therefore, the defendants have not met their burden to show the court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, and the court GRANTS the plaintiffs' motion for remand [Doc. No. 64] and DENIES the defendants' conditional motion for certification as moot [Doc. No. 249]. The Clerk is ORDERED

to send a certified copy of this opinion and order to the Clerk of the Court for the United States District Court for the Western District of Washington.

SO ORDERED.

DATED: <u>May 15, 2006</u>

<u>/s/ Robert L. Miller, Jr.</u>
Chief Judge
U.S. District Court