UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

------------------------------------------------------- )
                                                        )
In re FEDEX GROUND PACKAGE                              )   Cause No. 3:05-MD-527-RM
SYSTEM, INC., EMPLOYMENT                                )   (MDL 1700)
PRACTICES LITIGATION                                    )
                                                        )
------------------------------------------------------- )
THIS DOCUMENT RELATES TO:                               )
                                                        )
*Dean Alexaner, et al. v. FedEx Ground*                 )
*Package System, Inc.*,                                 )
Civil No. 3:05-cv-00533-RLM-CAN (CA)                    )
------------------------------------------------------- )

**CALIFORNIA PLAINTIFFS'
MOTION FOR SUMMARY ADJUDICATION OF EMPLOYMENT STATUS**

Plaintiffs Dean Alexander, Peter Allen, Albert Anaya, Suzanne Andrade, Jarrett Henderson, Eric Jepson, Gupertino Magana, Joey Rodriguez, Dale Rose, Allan Ross, Agostino Scalercio, Dean Wiley and Anthony Ybarra move this Court for an Order on behalf of themselves and all members of the nationwide and statewide classes they represent as certified by this Court on March 25, 2008 (Doc. No. 1119) for summary adjudication, pursuant to Federal Rule of Civil Procedure 56, as directed by this Court in its Case Management Order filed November 29, 2005 (Doc. No. 58) that:

The California Plaintiffs, on behalf of themselves and all persons similarly situated, who are members of the certified statewide class of FXG pickup and delivery drivers in California have provided service for Defendant FXG as employees under the common law agency test applicable under California law during the class period, as a matter of law;

This motion is based on the following grounds: (1) the final judgment entered in *Estrada v. FedEx Ground Package Systems, Inc.,* Los Angeles Superior Court Case No. BC210130, *affirmed* 64 Cal. Rptr. 3d 327 (2007) precludes Defendant FXG from denying that it has reserved

1

the right to control the manner and means used by Plaintiffs and members of the certified classes in performing their duties for FXG under the terms of the FedEx Ground Contractor Pickup and Delivery Agreement (OA) and the common FXG policies, procedures and practices that implement the OA's terms, and that the secondary factors considered by the California courts as bearing on the right to control analysis all compel a finding that Plaintiffs and the class are employees under California law.  The *Estrada* judgment was entered following seven years of full and fair litigation.  FXG actually litigated and lost the issue of whether FXG retained the right to control the work performance of its pickup and delivery drivers under the terms of the common OA, as implemented by FXG's common corporate policies, procedures and practices.  The issue was necessarily decided in a final judgment on the merits.  As such, the judgment must be accorded collateral estoppel effect here, as it would in a California court under California law pursuant to the Full Faith and Credit Clause of the U.S. Constitution and 28 U.S.C. §1738.  Hence, the California plaintiffs are entitled to summary adjudication that they are employees, and not independent contractors, as a matter of law, by virtue of the final *Estrada* judgment.

(2) Even if collateral estoppel does not apply, Plaintiffs are entitled to summary adjudication of their status as employees as a matter of law based on the undisputed material facts.  The undisputed material facts demonstrate that Plaintiffs and the class members they represent, are employees under the common law agency test articulated in California.  FXG has retained the right to control the drivers' work performance through the terms of the common OA, and the common FXG policies, procedures and practices used by FXG to implement its terms.  The secondary factors under California law compel the conclusion that Plaintiffs and the class have worked for FXG as employees, and not as independent contractors, as a matter of law.  Because there are no disputed issues of material fact, Plaintiffs are entitled to summary adjudication as a matter of law.

This motion is supported by the following pleadings and evidence filed herewith:  (1) Plaintiffs' Omnibus Memorandum of Law re: Collateral Estoppel in Support of Plaintiffs' Motions for Summary Adjudication, (2) California Plaintiffs' Memorandum of Law in Support

of Motion for Summary Adjudication re: Employment Status, (3) the Declaration of Lynn Rossman Faris in Support of Plaintiffs' Motions for Summary Adjudication re: Employment Status and Appendix A: Plaintiffs' Omnibus Statement of Undisputed Material Facts in Support of Plaintiffs' Motions for Summary Adjudication (SUF); (4) the Declaration of Tim McLynch in Support of Plaintiffs' Motions for Summary Adjudication; (5) Plaintiffs' Request for Judicial Notice in Support of Plaintiffs' Motions for Summary Adjudication and Declaration of Lynn Rossman Faris in support thereof, as well as all other pleadings and evidence on file in this matter, and which may be submitted by Plaintiffs in reply to any opposition filed by Defendant.

WHEREFORE, the California Plaintiffs respectfully request that the Court grant their motion and enter an Order granting the within motion for summary adjudication pursuant to Federal Rule of Civil Procedure 56.

Dated: April 24, 2008                     Respectfully submitted,

/s/   **Lynn Rossman Faris**
_____
Lynn Rossman Faris, Esq.
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

| | |
|---|---|
| Robert I. Harwood | LOCKRIDGE GRINDAL NAUEN P.L.L.P. |
| HARWOOD FEFFER LLP | Susan E. Ellingstad |
| 488 Madison Avenue, 8th Floor | 100 Washington Avenue South, Suite 2200 |
| New York, NY 10022 | Minneapolis, MN 55401 |
| Tel: (212) 935-7400 | Tel: (612) 339-6900 |
| Fax: (212) 753-3630 | Fax: (612) 339-0981 |

**PLAINTIFFS' CO-LEAD COUNSEL**