**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| ------------------------------------------------------- ) | |
| ) | |
| In re FEDEX GROUND PACKAGE ) | |
| SYSTEM, INC., EMPLOYMENT ) | Case No. 3:05-MD-527 RM |
| PRACTICES LITIGATION ) | (MDL 1700) |
| ) | |
| ------------------------------------------------------- ) | CHIEF JUDGE MILLER |
| THIS DOCUMENT RELATES TO: ) | MAGISTRATE NUECHTERLEIN |
| ) | |
| *Edward Sheehan, et al. v. FedEx* ) | |
| *Ground Package System, Inc.*, ) | |
| Civil No. 3:05-cv-00531-RLM-CAN (MA) ) | |
| ------------------------------------------------------- ) | |

**FIFTH AMENDED CLASS ACTION COMPLAINT**

**INTRODUCTION**

1.      This is an action brought by current and former delivery drivers of FedEx Ground
Package System, Inc. and its division, FedEx Home Delivery (collectively "Defendant" or
"FedEx Ground" or "FEG") for Defendant's unlawful misclassification of drivers as independent
contractors instead of employees. The above-named Plaintiffs bring this action on behalf of a
Class of similarly situated persons who have worked as delivery drivers for FedEx Ground in the
state of Massachusetts for Defendant's statutory and common law violations that stem from this
misclassification.

**PARTIES**

2.      Plaintiff Edward Sheehan is an adult resident of Marstons Mills, Massachusetts.
Plaintiff Sheehan worked as a FedEx Ground driver from March 1991 until June 2005.

3.      Plaintiff Ronald Perry is an adult resident of North Dartmouth, Massachusetts.
Plaintiff Perry worked as a FedEx Home Delivery driver from May 2002 until June 2003.

4.      Plaintiff Randy Azzato is an adult resident of East Falmouth, Massachusetts. Plaintiff Azzato worked as a FedEx Ground driver from June 2002 until March 2003.

5.      Plaintiff Alan Pacheco is an adult resident of Fall River, Massachusetts.  Plaintiff Pacheco worked as a FedEx Home Delivery driver from March 2001 until July 2003.

6.      Plaintiff William R. Gardner, Jr., is an adult resident of Lynnfield, Massachusetts. Plaintiff Gardner has worked as a FedEx Home Delivery driver since May 2005.

7.      Plaintiff Scott Erickson is an adult resident of Winthrop, Massachusetts.  Plaintiff Erickson has worked as a FedEx driver from February 2003 until September 2004.

8.      Plaintiff Mouloud Zouaoui is an adult resident of Lawrence, Massachusetts. Plaintiff Zouaoui has worked as a FedEx driver from October 2005 until April 2008.

9.      Plaintiff Elhadj  Ndoye is an adult resident of Lawrence, Massachusetts.  Plaintiff Ndoye has worked as a FedEx Home Delivery driver from November 2005 until February 2006.

10.      Plaintiff Paul Fenner is currently adult resident of Hendersonville, Tennessee. Plaintiff Fenner has worked as a FedEx Home Delivery driver in Massachusetts from March 2001 until March 2007.

11.      Plaintiff Daniel Graham is an adult resident of Westfield, Massachusetts.  Plaintiff Graham has worked as a FedEx Home Delivery driver from April 2002 until October 2004.

12.      Plaintiff Ronald Parker is an adult resident of East Dennis, Massachusetts. Plaintiff Parker has worked as a FedEx driver from 2004 until August 2007.

13.      Plaintiff Kwame Poku is an adult resident of Oxford, Massachusetts.  Plaintiff Poku has worked as a FedEx driver.

14.      Plaintiff Stephen Tarasiak is an adult resident of Douglas, Massachusetts. Plaintiff Tarasiak has worked as a FedEx Ground driver from since September 2006.

15.     Plaintiff John Shinnick is an adult resident of Leominster, Massachusetts. Plaintiff Shinnick has worked as a FedEx Home Delivery driver from March 2001 until October 2006.

16.     Plaintiff Manuel Leite is an adult resident of Fairhaven, Massachusetts. Plaintiff Leite has worked as a FedEx Ground driver from February 2002 until May 2007.

17.     Plaintiff Aguinaldo Ferreira is an adult resident of Gloucester, Massachusetts. Plaintiff Ferreira has worked as a FedEx Home Delivery driver from February 2006 until March 2007.

18.     Plaintiff John Mooney is currently an adult resident of Merrimack, New Hampshire.  Plaintiff Mooney has worked as a FedEx Home Delivery driver in Massachusetts from November 2005 until October 2006.

19.     Plaintiff Smail Bencheikh is an adult resident of Avon, Massachusetts.  Plaintiff Bencheikh has worked as a FedEx Home Delivery driver from December 2004 until September 2005.

20.     Plaintiff Henry Szupel is an adult resident of Tewksbury, Massachusetts.  Plaintiff Szupel has worked as a FedEx Home Delivery driver from 2001 until March 2005.

21.     Plaintiff Robson Araujo is an adult resident of Medford, Massachusetts.  Plaintiff Araujo has worked as a FedEx Home Delivery driver.

22.     Plaintiff Vincent Laurino is an adult resident of Medford, Massachusetts. Plaintiff Laurino has worked as a FedEx Home Delivery driver.

23.     Plaintiff Ed Rosa is an adult resident of Peabody, Massachusetts.  Plaintiff Rosa has worked as a FedEx Home Delivery driver since October 2003.

24.      Plaintiff Richard Lacina, Jr. is an adult resident of Marlborough, Massachusetts. Plaintiff Lacina has worked as a FedEx Home Delivery driver since May 2000.

25.      Plaintiff Paulo DaSilva is an adult resident of Winchester, Massachusetts. Plaintiff DaSilva has worked as a FedEx Home Delivery driver since early 2005.

26.      Plaintiff John Chiasson is an adult resident of Woburn, Massachusetts.  Plaintiff Chiasson has worked as a FedEx Home Delivery driver since August 2002.

27.      Plaintiff Michael Timmons is an adult resident of Lynn, Massachusetts.  Plaintiff Timmons has worked as a FedEx Home Delivery driver since July 2004.

28.      Plaintiff Joseph Pasquale is an adult resident of Peabody, Massachusetts.  Plaintiff Pasquale has worked as a FedEx Home Delivery and FedEx Ground driver from November 1999 until March 2007.

29.      Plaintiff Robert Willis is an adult resident of Buzzards Bay, Massachusetts. Plaintiff Willis has worked as a FedEx Ground driver from 2002 until March 2006.

30.      Plaintiff Wayne Curran is an adult resident of Revere, Massachusetts.  Plaintiff Curran has worked as a FedEx Homer Delivery driver since March 2000.

31.      Plaintiff Rosita Claudio is an adult resident of Leominster, Massachusetts. Plaintiff Claudio has worked as a FedEx driver from 2001 until 2004.

32.      Plaintiff Clayton Schwan is an adult resident of Peabody, Massachusetts.  Plaintiff Schwan has worked as a FedEx Home Delivery driver.

33.      Plaintiff Genaro Vargas is an adult resident of Lawrence, Massachusetts.  Plaintiff Vargas worked as a FedEx Home Deliver driver since March 2001.

34.      Plaintiff Michael Leto is an adult resident of Worcester, Massachusetts.  Plaintiff Leto worked as a FedEx Ground driver.

35.     Plaintiff Ismael de La Rosa is an adult resident of Springfield, Massachusetts. Plaintiff Rosa worked as a FedEx Home Delivery driver from April 1, 2001 until May 1, 2005.

36.     Plaintiff Lucas Xavier is an adult resident of New Bedford, Massachusetts. Plaintiff Xavier worked as a FedEx Home Delivery driver from December 2005 until January 2007.

37.     Plaintiff Mohammed Belaabd is an adult resident of Waltham, Massachusetts. Plaintiff Belaabd worked as a FedEx Home Delivery driver from July 2005 until May 2007.

38.     Plaintiff Michael Brennan is an adult resident of Spencer, Massachusetts. Plaintiff Brennan has worked as a FedEx Ground driver since May 2004.

39.     Plaintiff Kevin Moynagh is an adult resident of Worcester, Massachusetts. Plaintiff Moynagh has worked as a FedEx Ground driver since November 2003.

40.     Plaintiff Steven Swartwout is an adult resident of Northboro, Massachusetts. Plaintiff Swartwout worked as a FedEx Home Delivery driver from November 2004 until December 2005.

41.     Plaintiff James Grasso is an adult resident of Saugus, Massachusetts.  Plaintiff Grasso worked as a FedEx Home Delivery driver from August 2003 to May 2005.

42.     Plaintiff Richard Knowlton is an adult resident of Princeton, Massachusetts. Plaintiff Knowlton worked as a FedEx Home Delivery driver from October 2001 until September 2007.

43.     Plaintiff Mohamed Tamart is an adult resident of Worcester, Massachusetts. Plaintiff Tamart has worked as a FedEx Ground driver since October 2003.

44.     Plaintiff Geoffrey Bowen is an adult resident of Rowley, Massachusetts.  Plaintiff Bowman worked as a FedEx Home Delivery driver from May 2003 until June 2006.

45.     Plaintiff Brian Flynn is an adult resident of Watertown, Massachusetts.  Plaintiff Flynn worked as a FedEx Home Delivery driver from December 2005 until February 2007.

46.     Plaintiff Joseph P. Amato is an adult resident of Norton, Massachusetts.  Plaintiff Amato worked as a FedEx Ground driver from October 1992 until September 2001.

47.     Plaintiff Scott Anderson is an adult resident of Pocasset, Massachusetts.  Plaintiff Anderson has worked as a FedEx Ground driver since 2001.

48.     Plaintiff Jorge E. Ascencio is an adult resident of Brookline, Massachusetts.  Plaintiff Ascencio worked as a FedEx Home Delivery driver from April 2004 until June 2005.

49.     Plaintiff Ruben Austria is an adult resident of Quincy, Massachusetts.  Plaintiff Austria worked as a FedEx Ground driver from August 1994 until September 2004.

50.     Plaintiff Ralph P. Babcock III is an adult resident of Sudbury, Massachusetts.  Plaintiff Babcock has worked as a FedEx Ground driver since June 2003.

51.     Plaintiff Reno Baietti is an adult resident of Plymouth, Massachusetts.  Plaintiff Baietti worked as a FedEx Home Delivery driver from January 2002 until January 2003.

52.     Plaintiff James Barr is an adult resident of Barre, Massachusetts.  Plaintiff Barr worked as a FedEx Home Delivery driver from May 2002 until October 2007.

53.     Plaintiff Elizabeth Bergstrom is an adult resident of Shrewsbury, Massachusetts.  Plaintiff Bergstrom has worked as a FedEx Ground driver since March 1985.

54.     Plaintiff Christopher Bowman is an adult resident of Rutland, Massachusetts.  Plaintiff Bowman has worked as a FedEx Ground driver since March 1985.

55.     Plaintiff Eric Burba is an adult resident of Leominster, Massachusetts.  Plaintiff Burba has worked as a FedEx Ground driver since August 2004.

56.    Plaintiff Richard L. Cadrin is an adult resident of Hyannis, Massachusetts. Plaintiff Cadrin worked as a FedEx Ground driver from September 1998 until October 2004.

57.    Plaintiff Jean Capobianco is an adult resident of Brockton, Massachusetts. Plaintiff Capobianco worked as a FedEx Ground driver from 1993 until October 2004.

58.    Plaintiff Brian Carlin is an adult resident of Woodstock, Connecticut. Plaintiff Carlin worked as a FedEx Home Delivery driver from December 2005 until February 2007.

59.    Plaintiff David E. Carlson, Sr. is an adult resident of Charlton, Massachusetts. Plaintiff Carlson worked as a FedEx Home Delivery driver from 2000 until 2004.

60.    Plaintiff William V. Catelotti is an adult resident of Hubbardston, Massachusetts. Plaintiff Catelotti worked as a FedEx Ground driver from April 2003 until May 2005.

61.    Plaintiff Abraham Cerrato is an adult resident of Worcester, Massachusetts. Plaintiff Cerrato worked as a FedEx Ground driver from January 2004 until March 2006.

62.    Plaintiff Steve Cohen is an adult resident of Whitman, Massachusetts. Plaintiff Cohen worked as a FedEx Home Delivery driver from October 2004 until February 2005.

63.    Plaintiff Christopher Collman is an adult resident of Stafford Springs, Connecticut. Plaintiff Collman has worked as a FedEx Ground driver since May 2002.

64.    Plaintiff Robert C. Conlon is an adult resident of Millville, Massachusetts. Plaintiff Conlon worked as a FedEx Home Delivery driver from March 2000 until October 2005.

65.    Plaintiff Anthony Constantino is an adult resident of Lynn, Massachusetts. Plaintiff Constantino has worked as a FedEx Ground driver since February 2000.

66.    Plaintiff Robert Correia is an adult resident of Bridgewater, Massachusetts. Plaintiff Correia worked as a FedEx Ground driver from October 2002 until February 2005.

67.     Plaintiff Michael H. Cosgrove is an adult resident of Plymouth, Massachusetts. Plaintiff Cosgrove has worked as a FedEx Ground driver since April 1988.

68.     Plaintiff Paul Costello is an adult resident of Lowell, Massachusetts. Plaintiff Costello worked as a FedEx Home Delivery driver from June 2006 until August 2006.

69.     Plaintiff Glen Coulombe is an adult resident of Swansea, Massachusetts. Plaintiff Coulombe has worked as a FedEx Ground driver since February 1988.

70.     Plaintiff Manuel Da Silva is an adult resident of Somerville, Massachusetts. Plaintiff Da Silva worked as a FedEx Ground driver from November 2005 until December 2006.

71.     Plaintiff Dana A. Dodd is an adult resident of Orange, Massachusetts. Plaintiff Dodd worked as a FedEx Home Delivery driver from March 2005 until October 2006.

72.     Plaintiff Donna Eickhorst is an adult resident of Leominster, Massachusetts. Plaintiff Eickhorst worked as a FedEx Home Delivery driver from April 2000 until April 2007.

73.     Plaintiff Patrick Fletcher is an adult resident of Whitman, Massachusetts. Plaintiff Fletcher worked as a FedEx Home Delivery driver from April 2001 until July 2006.

74.     Plaintiff Kenneth Flynn is an adult resident of Shirley, Massachusetts. Plaintiff Flynn worked as a FedEx Ground driver from October 2001 until February 2005.

75.     Plaintiff Joseph Forgitano is an adult resident of Georgetown, Massachusetts. Plaintiff Forgitano worked as a FedEx Ground driver from June 2002 until March 2003.

76.     Plaintiff Robert J. Francione is an adult resident of Nashua, New Hampshire. Plaintiff Francione worked as a FedEx Ground driver from 1994 until December 2002.

77.     Plaintiff Stephen Gabourel is an adult resident of Buzzard's Bay, Massachusetts. Plaintiff Gabourel worked as a FedEx Ground driver from November 2001 until July 2003.

78.     Plaintiff Patrick J. Gall is an adult resident of Dorchester, Massachusetts. Plaintiff Gall worked as a FedEx Ground driver from July 1998 until January 2002.

79.     Plaintiff George T. Gammons is an adult resident of Holyoke, Massachusetts. Plaintiff Gammons worked as a FedEx Home Delivery driver from November 2002 until December 2004.

80.     Plaintiff Paul A. Jackmauh is an adult resident of Winthrop, Massachusetts. Plaintiff Jackmauh worked as a FedEx Ground driver from October 2000 until October 2003.

81.     Plaintiff Gregory Jambora is an adult resident of Wilbraham, Massachusetts. Plaintiff Jambora worked as a FedEx Ground driver from July 2002 until December 2006.

82.     Plaintiff Chris Johnson is an adult resident of Framingham, Massachusetts. Plaintiff Johnson has worked as a FedEx Home Delivery driver since December 2005.

83.     Plaintiff Peter V. Kiritsy is an adult resident of Grafton, Massachusetts. Plaintiff Kiritsy has worked as a FedEx Ground driver since October 2004.

84.     Plaintiff Roland E. Klinger is an adult resident of Southbridge, Massachusetts. Plaintiff Klinger worked as a FedEx Ground driver from August 1998 until August 2004.

85.     Plaintiff Thomas Ladago is an adult resident of Worcester, Massachusetts. Plaintiff Ladago has worked as a FedEx Ground driver since December 2000.

86.     Plaintiff Mark A. Lane, Sr. is an adult resident of Gloucester, Massachusetts. Plaintiff Lane worked as a FedEx Ground driver from March 2000 until 2002.

87.     Plaintiff Richard Letson is an adult resident of Dedham, Massachusetts. Plaintiff Letson worked as a FedEx Home Delivery driver from December 2005 until September 2006.

88.     Plaintiff Keith Levesque is an adult resident of Methuen, Massachusetts. Plaintiff Levesque worked as a FedEx Ground driver from 1998 until 2000.

89.     Plaintiff Rod A. Lopez is an adult resident of North Dartmouth, Massachusetts. Plaintiff Lopez worked as a FedEx Home Delivery driver from September 2004 until October 2007.

90.     Plaintiff Christian E. MacFarland is an adult resident of Plymouth, Massachusetts. Plaintiff MacFarland worked as a FedEx Ground driver from August 2002 until March 2003.

91.     Plaintiff Charles Mack is an adult resident of Mattapan, Massachusetts. Plaintiff Mack has worked as a FedEx Home Delivery driver since December 2005.

92.     Plaintiff Chester Mann is an adult resident of East Bridgewater, Massachusetts. Plaintiff Mann worked as a FedEx Ground driver from March 2003 until May 2005.

93.     Plaintiff Joseph McDonald is an adult resident of Brockton, Massachusetts. Plaintiff McDonald worked as a FedEx Ground driver from April 2001 until May 2003.

94.     Plaintiff Mark McDonough is currently an adult resident of Rye, New Hampshire. Plaintiff McDonough worked as a FedEx Ground driver in Massachusetts.

95.     Plaintiff Charles Miedema is an adult resident of Uxbridge, Massachusetts. Plaintiff Miedema has worked as a FedEx Ground driver since March 2004.

96.     Plaintiff John P. Mikulski is an adult resident of Millbury, Massachusetts. Plaintiff Mikulski has worked as a FedEx Ground driver since March 2004.

97.     Plaintiff Erin L. Murphy is an adult resident of Osterville, Massachusetts. Plaintiff Murphy worked as a FedEx Ground driver from April 2002 until September 2004.

98.     Plaintiff Matthew T. Murphy is an adult resident of Mattapoisett, Massachusetts. Plaintiff Murphy worked as a FedEx Home Delivery driver from June 2005 until July 2008.

99.     Plaintiff Michael F. Murphy is an adult resident of Wrentham, Massachusetts. Plaintiff Murphy worked as a FedEx Ground driver from May 2003 until November 2004.

100.     Plaintiff Michael J. Murphy is an adult resident of Wilmington, Massachusetts. Plaintiff Murphy worked as a FedEx Home Delivery driver from January 2004 until June 2004.

101.     Plaintiff Edward Nelson is an adult resident of Worcester, Massachusetts. Plaintiff Nelson has worked as a FedEx Ground driver since October 1986.

102.     Plaintiff Scott E. O'Connell is an adult resident of Millbury, Massachusetts. Plaintiff O'Connell worked as a FedEx Ground driver from September 1989 until June 2008.

103.     Plaintiff J. Barry O'Hagan is an adult resident of North Andover, Massachusetts. Plaintiff O'Hagan worked as a FedEx Home Delivery driver from February 2000 until February 2001.

104.     Plaintiff Matthew Oppel is an adult resident of Ludlow, Massachusetts. Plaintiff Oppel worked as a FedEx Ground driver from September 2005 until September 2007.

105.     Plaintiff Danilo Orquiola is an adult resident of Newton, Massachusetts. Plaintiff Orquiola worked as a FedEx Ground driver from March 2000 until August 2008.

106.     Plaintiff Fritz Pady is an adult resident of Medford, Massachusetts. Plaintiff Pady has worked as a FedEx Home Delivery driver since February 2003.

107.     Plaintiff Brian F. Parse is an adult resident of Shrewsbury, Massachusetts. Plaintiff Parse worked as a FedEx Ground driver from January 1999 until June 2006.

108.     Plaintiff Jason Pike is an adult resident of Nantucket, Massachusetts. Plaintiff Pike worked as a FedEx Ground driver from February 2004 until February 2007.

109.     Plaintiff Michael Prokopovich is an adult resident of West Brookfield, Massachusetts. Plaintiff Prokopovich worked as a FedEx Ground driver from August 2002 until October 2003.

110.    Plaintiff Michael Rhoades is an adult resident of Dudley, Massachusetts. Plaintiff Rhoades worked as a FedEx Home Delivery driver from May 2000 until June 2004.

111.    Plaintiff Ronald Ricciardi is an adult resident of Hubbardston, Massachusetts. Plaintiff Ricciardi worked as a FedEx Home Delivery driver from March 2003 until June 2008.

112.    Plaintiff Edward M. Rizzuto, Sr. is an adult resident of West Boylston, Massachusetts. Plaintiff Rizzuto worked as a FedEx Ground driver from September 2002 until July 2003.

113.    Plaintiff Thomas Robinson is an adult resident of Washington, Maine. Plaintiff Robinson worked as a FedEx Ground driver from January 1997 until May 2002.

114.    Plaintiff Robert J. Ross is an adult resident of Lawrence, Massachusetts. Plaintiff Ross worked as a FedEx Home Delivery driver from March 2004 until August 2004.

115.    Plaintiff Raffique Sabare is an adult resident of Brockton, Massachusetts. Plaintiff Sabare worked as a FedEx Ground driver from April 1998 until November 2007.

116.    Plaintiff Shelly A. Samuel is an adult resident of Fall River, Massachusetts. Plaintiff Samuel worked as a FedEx Home Delivery driver from February 2005 until August 2006.

117.    Plaintiff Milton M. Sanchez is an adult resident of Chelsea, Massachusetts. Plaintiff Sanchez worked as a FedEx Home Delivery driver from March 2003 until April 2005.

118.    Plaintiff Ernani T.S. Santana is an adult resident of Somerville, Massachusetts. Plaintiff Santana worked as a FedEx Home Delivery driver from September 2005 until September 2006.

119.    Plaintiff Clay Seaver is an adult resident of Brockton, Massachusetts. Plaintiff Seaver worked as a FedEx Ground driver from September 2004 until September 2005.

120.    Plaintiff William E. Shallies is an adult resident of Bridgewater, Massachusetts. Plaintiff Shallies worked as a FedEx Ground driver from September 2004 until September 2006.

121.    Plaintiff Sheila St. Cyr is an adult resident of Sterling, Massachusetts. Plaintiff St. Cyr worked as a FedEx Ground driver from July 2002 until September 2005.

122.    Plaintiff George Stephenson, now deceased, was an adult resident of East Falmouth, Massachusetts. Complaint is brought on his behalf by his widow, Beverly Stephenson. Plaintiff Stephenson worked as a FedEx Ground driver ending in November 2002.

123.    Plaintiff Donnalee T. Straube is an adult resident of Gloucester, Massachusetts. Plaintiff Straube has worked as a FedEx Ground driver since November 2005.

124.    Plaintiff Richard Syrek is an adult resident of East Falmouth, Massachusetts. Plaintiff Syrek worked as a FedEx Home Delivery driver from April 2003 until September 2004.

125.    Plaintiff Ernest F. Tarr is an adult resident of Middleboro, Massachusetts. Plaintiff Tarr worked as a FedEx Ground driver from May 2002 until November 2006.

126.    Plaintiff George M. Therrien is an adult resident of Bellingham, Massachusetts. Plaintiff Therrien has worked as a FedEx Ground driver since October 2003.

127.    Plaintiff Richard Townes is an adult resident of Vineyard Haven, Massachusetts. Plaintiff Townes worked as a FedEx Ground driver from 2003 until 2005.

128.    Plaintiff Rodney Tremblay is an adult resident of Wareham, Massachusetts. Plaintiff Tremblay worked as a FedEx Ground driver from July 1997 until September 2006.

129.    Plaintiff Eduardo Vazquez is an adult resident of Fitchburg, Massachusetts. Plaintiff Vazquez worked as a FedEx Ground driver from February 2001 until November 2006.

130.    Plaintiff David Walsh is an adult resident of Grafton, Massachusetts. Plaintiff Walsh worked as a FedEx Ground driver from August 2003 until January 2004.

131.    Plaintiff Mohamoud Warfa is an adult resident of Hyde Park, Massachusetts. Plaintiff Warfa worked as a FedEx Ground driver from May 2006 until August 2007.

132.    Plaintiff Christian J. Wilson is an adult resident of Worcester, Massachusetts. Plaintiff Wilson has worked as a FedEx Ground driver since August 2004.

133.    Plaintiff Stephen C. Wood is an adult resident of South Yarmouth, Massachusetts. Plaintiff Wood worked as a FedEx Ground driver from June 2001 until February 2006.

134.    Plaintiff Vernon Yates is currently an adult resident of Bainbridge, Georgia. Plaintiff Yates worked as a FedEx Ground driver from October 1985 until December 2006.

135.    The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated. That group includes all individuals who worked within the state of Massachusetts for FedEx Ground Package System, Inc. and/or its division, FedEx Home Delivery, as pickup and delivery drivers and who were improperly Classified by Defendant as independent contractors. The Class meets all of the requirements of Rule 23 of the Federal and Massachusetts Rules of Civil Procedure.

136.    Defendant FedEx Ground Package System, Inc., together with its division, FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery, is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. At all times relevant, FedEx Ground, an affiliate of FedEx Corporation, engaged in transportation and delivery services in Massachusetts.

### JURISDICTION AND VENUE

137.    Jurisdiction in this matter for Counts I – XIII is based upon diversity of citizenship, as Defendant is a resident of the state of Delaware. Plaintiffs are residents of Massachusetts; and the amount in controversy is in excess of the statutory minimum. Therefore, jurisdiction is based upon 28 U.S.C. § 1332.

138.    Jurisdiction in this matter for Count XIV is based upon 28 U.S.C. § 1331.

139.    Venue lies in the Northern District of Indiana pursuant to the Judicial Panel on Multi-District Litigation by Transfer Order dated August 10, 2005

## STATEMENT OF FACTS

140.    FedEx Ground, as an affiliate of FedEx Corporation, employs hundreds of drivers in Massachusetts to pick up and deliver packages to customers of Defendant.

141.    As a condition of employment, each FedEx Ground driver is required to sign a lengthy form contract entitled the "Pick-up And Delivery Contractor Operating Agreement" that mischaracterizes each driver as an "independent contractor." These Operating Agreements (hereinafter referred to as the "Operating Agreement," the "Agreement" or "OA") were designed to conceal the true nature of the relationship between FedEx Ground and its drivers: that of employer and employee. The Operating Agreement between each member of the Plaintiff Class and Defendant is the same in all material respects. The Operating Agreement between Plaintiffs and FedEx Ground contains all of the same identical material terms with only a few, minor and insubstantial differences.

142.    The Operating Agreement contains various statements purporting to Classify Plaintiffs and Plaintiff Class Members as independent contractors. At the same time, the Operating Agreement retains to the company, *inter alia*, the right to approve or disapprove any vehicle used to provide service, the right to approve or disapprove any driver or helper who provides service, the right to approve or disapprove the purchase or sale of any vehicle, the right to assign pick-up and delivery stops to each driver, the right to temporarily or permanently transfer portions of any route to another with or without compensation, the right to determine when a driver has "too few" or "too many" packages to deliver on a given day, the right to

inspect vehicles and drivers for compliance with company-promulgated appearance standards, the right to terminate the contract upon thirty days notice or whenever the company unilaterally determines that any provision of the contract has been "violated" amounting to the right to terminate at will, the right to require the use of communication equipment and the wearing of company uniforms, the right to take a vehicle out of service, the right to review and evaluate "customer service" and to set and change standards of such service, the right to require drivers to perform service at "times" requested by customers and determined by Defendant, the right to withhold pay for certain specified expenses, the right to require purchase of specified insurance and numerous other purchases by drivers, the right to require completion of specified paperwork, and other rights reserved to Defendant.

143.    The Operating Agreement is and at all relevant times has been a contract of adhesion, drafted exclusively by Defendant and/or its legal counsel, with no negotiation with drivers, who are required to sign the Agreement as a condition of employment. Plaintiffs and Plaintiff Class Members are required to sign the form contract as is, without any changes made to the terms contained therein. Each year, drivers are required to sign additional Addenda which are likewise not subject to negotiation and are unilaterally drafted adhesion contract provisions. The Agreement is, and at all material times has been unlawful, unconscionable and fraudulent in form and effect.

144.    Though the Agreement labels the drivers as independent contractors, the behavioral and financial control manifested over the drivers by Defendant demonstrates that the drivers are employees rather than independent contractors. Such control includes, but is not limited to, the following matters:

a.  Defendant employs supervisors and managers who have supervisory responsibility over the drivers and assign and direct their work. These supervisors and managers work in the terminals where the drivers report to retrieve the packages that they deliver for Defendant's customers in furtherance of Defendant's business operations.

b.  The drivers are required to comply with Defendant's instructions in terms of written and unwritten policies, procedures, and directives appearing in the Agreement and unilaterally promulgated by Defendant from time to time regarding the completion of the drivers' duties. Drivers suffer financial penalties and/or disciplinary actions for failure to comply with such policies, procedures, and directives.

c.  Upon starting to work for Defendant, the drivers receive training in Defendant's policies and procedures, in the documentation Defendant requires of drivers, and in the technology Defendant mandates the drivers to use in the performance of their work for Defendant.

d.  Though the drivers are required to purchase or lease the vehicles they use in working for Defendant and to purchase the uniforms they wear in performing said work, Defendant requires that the drivers adorn their vehicles and uniforms with Defendant's logo and effectively prohibit the drivers from using their vehicles or uniforms for other business while so adorned. Such requirement prevents the drivers from using their vehicles and uniforms to offer services to the general public.

e.  In addition to paying the drivers for each package picked up and/or delivered, the Agreement provides that Defendant will pay the drivers a set amount for each day that the driver provides services to Defendant as well as a premium for the drivers' time when the drivers' route contains a small amount of package deliveries. Such payments are made to the drivers each week. Thus, their pay basis is not simply by the job, but by the time spent working.

f.  Though the Agreement purports to give the drivers proprietary control over their routes, Defendant changes the drivers' routes from time to time without the drivers' permission and prohibit the drivers from selling their routes or having other individuals perform in their place without the express prior approval of Defendant.

g.  Defendant exerts a high degree of control over the drivers' work. For example, they have begun installing GPS systems in the drivers' vehicles enabling Defendant to track the drivers' whereabouts at all times while working.

145.  Though the Agreement labels the drivers as independent contractors, the type of relationship between Defendant and the drivers demonstrates that the drivers are employees

rather than independent contractors. Factors showing an employment relationship include, but are not limited to, the following:

a.  The work of the drivers in picking up and delivering packages for Defendant's customers is completely integrated into the business of Defendant such that Defendant's business depends significantly on the performance of the services that the drivers perform.

b.  Though the drivers are required to purchase or lease the vehicles they use in working for Defendant, and to purchase the uniforms they wear in performing said work, Defendant requires that the drivers adorn their vehicles and uniforms with Defendant's logo and effectively prohibit the drivers from using their vehicles or uniforms for other business while so adorned. Such requirement prevents the drivers from using their vehicles and uniforms to offer services for other, similar businesses.

c.  Though the Agreement purports to give the drivers proprietary control over their routes, Defendant exerts a high degree of control over the drivers' ability to sell their routes or have other individuals perform in their place. Such sales and substitutions require the express prior approval of Defendant, making the services of a type that must be rendered personally by drivers who have effectively been hired by Defendant.

d.  Defendant prevents the drivers from choosing when and how much they care to work for Defendant, instead requiring the drivers to work a minimum number of hours and shifts and prohibiting the drivers from refusing work, such as picking up certain packages.

e.  Many drivers have continued their relationship as drivers for Defendant exclusively over many years.

146.  Defendant, per the Agreement, requires the drivers to pay Defendant's operating expenses, including but not limited to:

a.  costs relating to the lease or purchase and operation of vehicles to perform work for Defendant and to maintain and repair such vehicles;

b.  costs relating to the purchase of insurance, including vehicle insurance and work accident insurance;

c.  costs relating to the purchase of uniforms adhering to Defendant's precise specifications;

    d.      costs of hiring temporary or replacement drivers when the drivers are unable to perform their work due to injury or illness or when the drivers take vacation or other time off; and

    e.      the share of federal employment taxes for which employers are liable; and

    f.      other costs normally associated with the operation of a business and included in Defendant's business support package, such as maps, logos and signs, training, modems, and scanners.

147.    Defendant also routinely takes other unlawful deductions from the drivers pay as well and/or does not pay the drivers for all work performed or amounts due to them, including not paying them for training time, withholding final pay and/or vacation pay.

148.    By retaining behavioral and financial control over the drivers despite the express language to the contrary in the Agreement, Defendant has committed a widespread and systemic breach of the terms of said Agreement.

149.    By retaining behavioral and financial control over the drivers despite the express language to the contrary in the Agreement, Defendant has misrepresented to the drivers that they are independent contractors (and thus entrepreneurs with the ability to independently manage and grow their businesses), when in fact they are employees (and thus entitled to a variety of legal benefits that inure from the employment relationship).

150.    Defendant's right of control over Plaintiff Class Members is also retained and/or exercised by Defendant as demonstrated by concealed and/or undisclosed extra contractual sources such as Company written rules and policies described above and unwritten practices which supplement and fill gaps in the written contract.

151.    Defendant has created and regularly updated a large number of written policies and procedures outside of the Operating Agreement that drivers are never given, but nonetheless are required to follow in their work. Defendant's written policies are contained in the FedEx

Ground Manual, Operations Management Handbook, Settlement Manual and numerous other written and extra-contractual policies that are actively concealed from drivers and which Defendant fails to disclose and/or provide to drivers that govern the relationship between Defendant and the drivers. The other written handbooks and manuals and additional extracontractual sources include, but are not limited, to written rules on "contractor" termination, directives and training provided to terminal managers, written rules on driver appearance (with illustrative poster), written and oral complaint procedures, memorandum and directives to terminal management and other rules concealed from and not provided to the drivers. When drivers do not follow a FedEx Ground rule, whether disclosed or undisclosed, known or unknown, they are subject to various types of punishment, some financial and some disciplinary, up to and including contract termination and/or non-renewal. Defendant documents such so called violations of such rules on forms referred to as "Business Discussion Notes" and retain these documents in secret driver files called "DOT" files, along with myriad other documents which are likewise concealed from and not disclosed to the drivers.

152.    Defendant does not contribute to workers' compensation and unemployment insurance programs and do not allow drivers to apply or qualify for workers' compensation or unemployment benefits.

153.    Despite Defendant's control over virtually all material aspects of the employment relationship, and despite the unequivocal command of applicable statutes and case law to the effect that workers such as Plaintiffs are entitled to the protections due employees under Massachusetts law, and despite the finding of the Los Angeles Superior Court in Estrada v. FedEx Ground Package Systems, Inc. (Case # BC 210130) that these drivers are employees, Defendant continues to misclassify its drivers as independent contractors. As a result, these

drivers are deprived of the rights and protections guaranteed by Massachusetts law to employees, and they are deprived of employer-financed workers compensation coverage and unemployment insurance benefits. Furthermore, the terms and conditions of their employment contract require these drivers to purchase, operate and maintain expensive trucks for Defendant's exclusive benefit and to work under other unlawful conditions. Defendant's mischaracterization of their drivers as independent contractors, the concealment and/or non-disclosure of the true nature of the relationship between Defendant and its drivers and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unlawful and fraudulent business practice by Defendant which this court should enjoin.

154.    In the matter of <u>FedEx Ground Package System, Inc. and Local 177, Int'l Bhd. Of Teamsters, AFL-CIO</u>, the Regional Director for Region 22 of the National Labor Relations Board held that employees working under the Agreement in the Fairfield, New Jersey, terminals are employees and not independent contractors.

155.    Under the rules established by the Internal Revenue Service ("IRS") regarding Classification of employees and independent contractors, FedEx Ground drivers are employees. Defendant is in breach of a 1995 agreement reached between their predecessor company, Roadway Package System, Inc. ("RPS"), and the IRS regarding this Classification issue.

**COUNT I**
**(Declaratory Judgment pursuant to 28U.S.C. § 2201**
**and Mass. Gen. L. c. 231A)**

156.    Under the relevant laws of the United States and of Massachusetts, Defendant has misclassified the Plaintiffs and Class Members as independent contractors rather than as employees; therefore, pursuant to 28 U.S.C. § 2201 and Mass. Gen. L. c. 231A, this Court should issue a declaratory judgment establishing that the Plaintiffs and Class Members are or were

employees of Defendant and that the Plaintiffs and Class Members are or were therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and of Massachusetts.

## COUNT II
### (Violation of Massachusetts Independent Contractor Law)

157.    By misclassifying Plaintiffs and Class Members as independent contractors instead of employees, Defendant has violated Mass. Gen. Laws c. 149 § 148B. This claim is brought pursuant to Mass. Gen. Laws. c. 149 § 150.

## COUNT III
### (Violation of Massachusetts Wage Law)

158.    By such conduct in forcing the Plaintiffs and Class Members to bear costs incident to Defendant's business operations, Defendant violated Mass. Gen. Laws. c. 149 §§ 148 and 150 by making unlawful deductions and unlawfully requiring Plaintiffs and Class Members to pay improper set-offs against their wages. Defendant also violated Mass. Gen. Laws. c. 149 §§ 148 and 150 and c. 151 § 1 for not paying Plaintiffs and Class Members for all time worked, including training time, and for withholding other wages owed, such as final paychecks and vacation pay.

## COUNT IV
### (Breach of Contract)

159.    Defendant has breached its written contracts with Plaintiffs and Class Members, in which they made express and implied representations concerning the parties' rights and duties which proved untrue, (for example, in changing the drivers' routes without their permission), to Plaintiffs' and Class Members' detriment, in violation of the common law of Massachusetts.

## COUNT V
### (Misrepresentation)

160.    Defendant has committed intentional and/or negligent misrepresentation in their representations concerning the parties' rights and duties, in violation of the common law of Massachusetts.

## COUNT VI
### (Unfair and Deceptive Business Practices)

161.    Defendant's conduct with respect to the Plaintiffs and Class Members as described above (including changing the drivers' routes without their permission and other breaches of their contracts and misrepresentations) constitutes unfair and deceptive practices in violation of Massachusetts Gen. L. c. 93A.

## COUNT VII
### (Plan Enforcement Under ERISA)

162.    This Court has jurisdiction to hear this claim under 29 U.S.C. § 1132 (e)(1). In conformity with 29 U.S.C. § 1132 (h), Plaintiffs are contemporaneously serving this complaint, by certified mail, on the secretaries of Labor and Treasury.

163.    Under 29 U.S.C. § 1132 (a)(1)(B), Plaintiffs are authorized to clarify and to enforce their rights to ERISA benefits in whatever plan for which they were eligible.

164.    Up to now, Defendant has taken the position that Plaintiffs are not entitled to any ERISA benefits, based on Defendant's mistaken view that Plaintiffs and the Class are not employees.

165.    Because Plaintiffs and the Class, however, are employees, they are entitled to employee benefits.

166.    Accordingly, under 29 U.S.C. § 1132 (a)(1)(B), Plaintiffs are entitled to their benefits, declaratory relief, equitable restitution, and injunctive relief. Plaintiffs are further entitled to prejudgment interest, costs, and attorneys fees pursuant to 29 U.S.C. § 1132 (g) and the common fund doctrine.

## COUNT VIII
### (Rescission Of Operating Agreement)

167.    Despite the express terms of the Operating Agreement, Plaintiffs' relationship with Defendant satisfies every aspect of the test for employment, and not for independent contractor status.

168.    Defendant controls virtually every aspect of the Plaintiffs' work and earnings, as set forth in the general allegations above.

169.    Despite this control and the actual status of the drivers as employees, Defendant mischaracterizes the Plaintiffs as independent contractors. As a result, these drivers must pay substantial sums of their own money for work-related expenses, including but not limited to the purchase or lease of vehicles meeting company specifications, and all costs of operating, insuring and maintaining those vehicles.

170.    The Operating Agreement illegally and unfairly advantages Defendant, by mischaracterizing the status of the Plaintiffs in that Defendant evades employment related obligations, such as social security contributions, workers' compensation coverage, and state disability and unemployment compensation, illegally shifting the expense of workers' compensation coverage and other expenses to Plaintiffs.

171.    The Operating Agreement between Defendant and each Plaintiff and member of the Class is void as against public policy and therefore unenforceable, as failing to recognize the

employment status of the Plaintiffs and the Class Members, and therefore denying them the legally cognizable benefits of employment.

172.    The Operating Agreement between Defendant and each Plaintiff is an unconscionable contract of adhesion, which is unenforceable as contrary to the public interest, policy and law.

173.    The Operating Agreement illegally shifts the burden of certain costs that an employer must pay.

174.    While acting on the direct instruction of Defendant and discharging their duties for Defendant, Plaintiffs and the Class Members incurred expenses for, inter alia, the purchase or lease, maintenance, operating costs and adornment of vehicles; insurance; and uniforms. Plaintiffs and the Class Members incurred these substantial expenses as a direct result of performing their job duties.

175.    By misclassifying its employees as "independent contractors," and further by contractually requiring those employees to pay Defendant's own expenses, Defendant has been unjustly enriched.

176.    As a direct and proximate result of Defendant's conduct, Defendant has received substantial benefits to which it had no entitlement, at Plaintiffs and the Class Members' expense, including lost profits, self-employment taxes, premiums for insurance to replace workers compensation and disability benefits, business expenses, compensation of replacement workers, and other expenses.

177.    Plaintiffs are entitled to compensation for all of the business expenses they were illegally required by Defendant to bear, for all of the employment taxes, unemployment

compensation and workers compensation the FEG should have but did not pay, and Plaintiffs are entitled to the quantum meruit value of their services as employees.

**COUNT IX**
**(Fraud)**

178.   Plaintiffs and the Class they represent were purportedly hired by Defendant to work as "independent contractors" pursuant to the terms of the OA described above. In fact, Defendant knew or should have known, at all times, that the "independent contractor" Classification in the Operating Agreement was improper and that Plaintiffs and all persons similarly situated were "employees" entitled to the benefits and protections of all laws enacted for employees. Plaintiffs are informed, believe and on that basis allege, that through the OA Defendant intentionally misled Plaintiffs and the Class they represent as to their employment status, or made such representations to Plaintiffs and Plaintiff Class Members recklessly and/or negligently, and deliberately concealed from and/or failed to disclose to the pick-up and delivery drivers the extra contractual sources (including but not limited to the FedEx Ground Manual, Operation Management Handbook and Settlement Manual, other policies and secret driver files described above) that defined the employment relationship between Plaintiffs and Defendant, all for the purpose of realizing unjust profits from Plaintiffs' work and/or to avoid paying for its operating costs and payroll taxes to increase its competitiveness.

179.   At all material times, Defendant either knew, or should have known, that the material representation made to Plaintiffs in the OA concerning their employment status, and the concealment and/or non-disclosure of material facts to Plaintiffs concerning their employment status and Plaintiffs' corresponding obligation to assume responsibility for all of their "own"

employment-related expenses including but not limited to purchasing or leasing, operating and maintaining expensive trucks were false and fraudulent.

180.    At all material times, Defendant intended to and did induce Plaintiffs and the Class they represent to reasonably and justifiably rely to their detriment on the false and fraudulent representations made to them by Defendant in the OA concerning their employment status and obligation to assume responsibility for all of employment related expenses including but not limited to purchasing or leasing, operating and maintaining expensive trucks and suffered damage as a direct and proximate result.

181.    By its aforesaid conduct, Defendant is guilty of oppression, fraud and malice in violating Plaintiff rights and protections guaranteed by Massachusetts and other applicable law.

**COUNT X**
**(Unjust Enrichment)**

182.    As a result of Defendant's conduct in misclassifying Plaintiffs and Class Members as independent contractors, Defendant has forced Plaintiffs and Class Members to bear the normal costs and incidents of Defendant's business and have thus unjustly enriched themselves to the detriment of Plaintiffs and Class Members in violation of the common law of Massachusetts.

**COUNT XI**
**(Conversion)**

183.    By such conduct in forcing the Plaintiffs and Class Members to bear costs incident to Defendant's business operations, Defendant also converted the property of the Plaintiffs and Class Members to Defendant's own use in violation of the common law of Massachusetts.

## COUNT XII
### (Promissory Estoppel)

184.    As a result of the misrepresentation of Defendant that Plaintiffs and Class Members would be independent contractors and other misrepresentations regarding the parties' rights and duties, the Plaintiffs and Class Members were estopped from and forewent other employment and business opportunities in reliance on the promise of entrepreneurship inherent in the independent contractor relationship offered by Defendant, and, as such, Defendant has violated the common law of Massachusetts.

## COUNT XIII
### (Quantum Meruit)

185.    Plaintiffs and Class Members have been deprived by Defendant of the fair value of their services and are thus entitled to recovery in *quantum meruit* pursuant to the common law of Massachusetts.

## COUNT XIV
### (Injunctive Relief)

186.    As Defendant has at all times continued to misclassify Plaintiffs and Class Members as independent contractors despite retaining control over them as employees, the Plaintiffs and Class Members seek permanent injunctive relief enjoining Defendant from practicing the unlawful practices alleged herein.

### JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1.    Certification of this case as a Massachusetts Class action pursuant to Fed. R. Civ. P. 23 or Mass. R. Civ. P. 23;

2.      A declaratory judgment that Plaintiffs and other similarly situated persons are employees, not independent contractors;

3.      Disgorgement of profits unjustly retained by Defendant as a result of their unlawful practice of misclassifying Plaintiffs and other similarly situated persons as independent contractors;

4.      All damages to which Plaintiffs and Class Members may be entitled;

5.      Rescission of the Operating Agreement and awarding restitution compensating for the reasonable value of the benefit provided to Defendant;

6.      An award of punitive damages in an amount to be determined at trial; and

7.      Any other relief to which Plaintiffs and Class Members may be entitled.

Dated: September 30, 2008                     Respectfully submitted,

                                              LOCKRIDGE GRINDAL NAUEN P.L.L.P.


                                              __s/ Susan E. Ellingstad_____
                                               Susan E. Ellingstad
                                              100 Washington Avenue South, Suite 2200
                                              Minneapolis, MN  55401
                                              Tel:     (612) 339-6900
                                              Fax:     (612) 339-0981
                                              Email:  seellingstad@locklaw.com


Lynn Rossman Faris                            Robert I. Harwood
Beth A. Ross                                  HARWOOD FEFFER LLP
LEONARD CARDER, LLP                           488 Madison Avenue, 8th Floor
1330 Broadway, Suite 1450                     New York, NY  10022
Oakland, CA  94612                            Tel:     (212) 935-7400
Tel:     (510) 272-0169                       Fax:     (212) 753-3630
Fax:     (510) 272-0174                       Email:  rharwood@hfesq.com
Email:  lfaris@leonardcarder.com
         baross@leonardcarder.com

**PLAINTIFFS' CO-LEAD COUNSEL**

Shannon Liss-Riordan
PYLE ROME, LICHTEN, EHRENBERG
  & LISS-RIORDAN
18 Tremont Street, 5th Floor
Boston, MA  02108
Tel:    (617) 367-7200
Fax:    (617) 367-4820
Email: sliss@prle.com

## MASSACHUSETTS PLAINTIFFS' COUNSEL

Peter J. Agostino
ANDERSON, AGOSTINO & KELLER, PC
131 South Taylor Street
South Bend, IN  46601
Tel:    (574) 288-1510
Fax:    (574) 288-1650
Email: agostino@aaklaw.com

## PLAINTIFFS' LIAISON COUNSEL