UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC. EMPLOYMENT PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>3:09-CV-60 (*Rascon*- Colorado) | CAUSE NO. 3:05-MD-527 RM<br>(MDL-1700) |

## OPINION AND ORDER

FedEx Ground Package System, Inc. removed this action — *Kenneth Rascon v. FedEx Ground*, 3:09-CV-60 — to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff Kenneth Rascon contends that this court lacks jurisdiction under CAFA because FedEx didn't meet its burden to show that the jurisdictional prerequisites of at least 100 class members and more than $5 million in controversy were met. Mr. Rascon asks the court to remand the action to Colorado state court. For the reasons that follow, the court GRANTS Mr. Rascon's motion to remand (doc.# 1746).

Mr. Rascon requested that the court hold oral argument on his motion for remand (doc. # 1748), but the court declines, finding that this matter can properly be addressed on the briefs submitted.

I. BACKGROUND

Mr. Rascon, on behalf of himself and all others similarly situated, brought suit against FedEx in Colorado state court in August 2008 seeking relief under the Colorado Wage Claim Act. He alleges that certain FedEx drivers — those driving vehicles weighing less than 10,001 pounds delivering packages in Colorado — are employees and so are entitled to overtime pay. FedEx removed the action to the United States District Court for the District of Colorado in September 2008 pursuant to CAFA, 28 U.S.C. § 1332(d), and Mr. Rascon moved to remand, contending that FedEx didn't meet its burden to show that the numerosity and amount in controversy jurisdictional prerequisites were met. FedEx filed its opposition, attaching several declarations to establish jurisdiction. In February, 2009, before the District Court in Colorado ruled on the motion, the case was transferred to this court as part of the MDL-1700 litigation. Mr. Rascon filed a renewed motion to remand in May 2009.

Mr. Rascon proposes a class consisting of all persons and entities who (1) entered into a FedEx Ground or FedEx Home form Operating Agreement for a single primary service area, (2) performed services pursuant to the agreement via a Light Truck, (3) were dispatched out of a terminal in the State of Colorado or whose primary service area was located in Colorado, and (4) performed such services at any time between August 27, 2005 and the date of final disposition of this action. (Compl., ¶ 33). In his complaint, Mr. Rascon says the exact number of class members is unknown, but "believes that there may be in excess of 200

similarly situated persons [that] have been engaged by Defendants throughout the State of Colorado during the Class Period, a number which may be better determined from records maintained by the Defendants." (Compl., ¶ 40). Mr. Rascon seeks, among other relief, monetary damages to the fullest extent permitted under all applicable law, costs, attorney fees, and interest. Mr. Rascon didn't move for class certification in this action and his time to do so has expired.

FedEx filed its notice of removal stating that upon information and belief, there are about 39 individuals who currently provide service on a regular basis using a Light Truck who may satisfy the plaintiff's proposed class definition.[1] FedEx doesn't have records that would enable it to readily determine how many similar individuals there have been at any or all times since August 27, 2005, but based on the proposed class definition, believes that the number exceeds 100. FedEx further contends that based on the scope of the relief sought in the complaint and evidence as to the potential overtime liability to the putative class through 2010 (the anticipated trial date) it has provided a reasonable, good-faith estimate that the amount at stake in this action exceeds $5 million.

II. DISCUSSION

CAFA provides federal jurisdiction over class actions when only minimal diversity exists between the parties, the amount in controversy exceeds $5 million

---

[1]This number apparently includes the plaintiff, who at the time of the complaint was no longer working for FedEx.

in the aggregate and the number of members of all proposed classes is 100 members or more. 28 U.S.C. § 1332(d)(2) & (d)(5)(B).The existence of federal subject matter jurisdiction in a case removed from state court must be assessed as of the time of removal. Oshana v. Coca-Cola Co., 472 F.3d 506, 510-511 (7th Cir. 2006); *see also* Shaw v. Dow Brands, Inc., 994 F.2d 364, 367 (7th Cir. 1993)(stating that "jurisdiction depends on the situation at the time of removal"). The party asserting federal jurisdiction bears the burden of proving its existence. Hart v. FedEx Ground Package System Inc., 457 F.3d 675, 679 (7th Cir. 2006).

Mr. Rascon contends that this court doesn't have jurisdiction because even though there is minimal diversity, FedEx hasn't satisfied the amount in controversy requirement ($5,000,000 or more in the aggregate) or the numerosity requirement (100 or more members in the proposed class).

*A. Governing Law*

Mr. Rascon applies Tenth Circuit case law in his motion to remand, while FedEx applies Seventh Circuit case law. Because the law of the circuit where the transferee court sits governs questions of federal law in MDL proceedings, In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig., 256 F. Supp. 2d 884, 888 (S.D. Ind. 2003) (citation omitted), the law of this circuit governs the removal and remand issues presented in this case. The court in In re Korean Air Lines Disaster of Sept. 1, 1983, explained:

4

> [B]ecause there is ultimately a single proper interpretation of federal law, the attempt to ascertain and apply diverse circuit interpretations simultaneously is inherently self-contradictory. . . . [I]t is logically inconsistent to require one judge to apply simultaneously different and conflicting interpretations of what is supposed to be a unitary federal law . . . .The federal courts spread across the county owe respect to each other's efforts and should strive to avoid conflicts, but each has an obligation to engage independently in reasoned analysis. Binding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit.

Korean Air Lines Disaster, 829 F.2d 1171, 1175-1176 (D.C. Cir. 1987) (Ruth Bader Ginsberg, J.), *aff'd on other grounds,* 490 U.S. 122 (1989)).

Our court of appeals has endorsed Korean Air Lines' analysis. Eckstein v. Balcor Film Investors, 8 F.3d 1121, 1126 (7th Cir. 1993). "Only where the law of the United States is specifically intended to be geographically non-uniform should the transferee court apply the circuit precedent of the transferor court." McMasters v. United States, 260 F.3d 814, 819 (7th Cir. 2001) (*citing* Eckstein v. Balcor Film, 8 F.3d at 1126); *see also* StarLink Corn Prods. Liab. Litig., 211 F. Supp. 2d 1060, 1063-1064 (N.D. Ill. 2002) (applying Seventh Circuit case law to determine whether removal to federal jurisdiction was proper for a case that was transferred into MDL action); In re Bridgestone Firestone Inc. Tires Prods. Liab. Litig., 1:07-cv-5838, 2009 WL 103647, *2 (S.D. Ind. Jan. 9, 2009) (same).

### B. Numerosity Requirement

FedEx contends that the allegations in Mr. Rascon's complaint are enough to show that the potential class size is at least 100 members. Mr. Rascon's

5

complaint says the exact number of class members is unknown, but he "believes that there may be in excess of 200 similarly situated persons [that] have been engaged by Defendants throughout the State of Colorado during the Class Period, a number which may be better determined from records maintained by the Defendants." (Compl., ¶ 40). FedEx notes that a plaintiff cannot change the damages allegations in his complaint to defeat federal jurisdiction after removal, and reasons that Mr. Rascon shouldn't be allowed to contend that the class contains fewer than 100 members after alleging that there might be more than 200 members in the class. FedEx says the numerosity requirement found in § 1332(d)(5)(B) is an "exception" to jurisdiction under CAFA, so Mr. Rascon has the burden of proving that it applies.

Mr. Rascon disagrees that the party opposing federal jurisdiction has the burden to show that the numerosity requirement is met, reasoning that § 1332(d)(5)(B) isn't an exception, but instead, a requirement that must apply for jurisdiction to exist. Mr. Rascon reasons that if FedEx wants to take advantage of the minimal jurisdictional provisions of CAFA to invoke federal jurisdiction, it must first show that those provisions apply, and § 1332(d)(5)(B) states that they don't apply if the class consists of less than 100 members.

Mr. Rascon asserts that FedEx hasn't met its burden because it provides no evidence as to class size, but merely states that it "believes" the number of potential class members exceed 100 individuals based on Mr. Rascon's allegations in the complaint. Mr. Rascon says this is insufficient to establish the jurisdictional

6

requirement of a 100 or more class members when he expressly stated in the complaint that the exact number of class members is unknown and may be determined from FedEx's own records.

The court agrees with Mr. Rascon that the burden to show that there are 100 or more class members rests on FedEx. The court in <u>Hart v. FedEx Ground Package System Inc.</u>, 457 F.3d 675, 679 (7th Cir. 2006) implied that the this was a jurisdictional requirement and not an exception like the home state or local controversy provisions. The court noted that CAFA gives "federal courts original jurisdiction in class actions where: (1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of the plaintiff class is a citizen of a state different from any defendant ('minimal diversity'); (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more." <u>Hart v. FedEx Ground</u>, 457 F.3d at 679 (*citing* 28 U.S.C. §§ 1332(d)(2) and (d)(5)). Section 1332(d)(2) states that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . [minimal diversity exists]." 28 U.S.C.A. § 1332(d)(2). This paragraph "shall not apply to any class in which . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

The circuit courts disagree as to whether the requirement that a class has an aggregate of more than 100 members is part of CAFA's jurisdictional requirements or is one of CAFA's exceptions. *Compare* Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020 n.3 (9th Cir. 2007) ("[S]atisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2).") *with* Frazier v. Pioneer Americas LLC, 455 F.3d 542, 546 (5th Cir. 2006) (treating the 100 or more member requirement as an exception) and Garcia v. Boyar & Miller, PC, No. 3:06-CV-1936-D, 2007 WL 1556961, *4 (N.D. Tex. May 30, 2007). Because the removing party has the burden to establish jurisdictional requirements and the party seeking remand has the burden to prove exceptions, Hart v. FedEx Ground, 457 F.3d at 679, this is more than a formalistic dispute.

The court in Hart v. FedEx Ground held that the party opposing jurisdiction has the burden to show that the home state and local controversy exceptions in § 1332(d)(4) apply even though the language is mandatory. 457 F.3d at 681. Paragraph (d)(4) states that a "district court shall decline to exercise jurisdiction under paragraph (2)" when certain conditions are met, but paragraph (d)(5)(B) states that jurisdiction in (d)(2) does not apply to a class action with less than 100 proposed class members. Section 1332(d)(5) serves as a prerequisite, rather than an exception, to jurisdiction under § 1332(d)(2). Accordingly, the 100 or more class member requirement in (d)(5)(B) is a jurisdictional element that the party asserting jurisdiction must establish. *See* Cunningham Charter Corp. v. Learjet, Inc., No. 07-cv-233-DRH, 2008 WL 3823710, at *3 (S.D. Ill. Aug. 13, 2008) (stating

without much discussion that the removing party has the burden to show 100 or more potential class members).

FedEx must show that 100 or more members fall within the definition of the class proposed in the complaint. Cunningham Charter Corp. v. Learjet, Inc., 2008 WL 3823710 at *4, n. 3 (stating that the exact size of the class need not be determined until later; defendant's burden is simply to show that there are at least 100 potential class members). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). "While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, they lose that power once a defendant has properly removed a class action to federal court." Hart v. FedEx Ground, 457 F.3d at 681 (*quoting* S. Rep. 14, 109th Cong. 1st Sess. 43 (2005), 2005 U.S.C. 3, 41). "Whether defendants have satisfied requirements of CAFA, including its 100-person minimum threshold, is determined at the time of removal." Bullard v. Burlington N. Santa Fe Ry. Co., 556 F. Supp. 2d 858, 860 (N.D. Ill. 2008) (citation omitted)).[2]

FedEx hasn't met its burden to show that there were 100 or more potential class members at the time of removal. FedEx relies on the allegations in the

---

[2]Even though this matter won't proceed as a class action because no motion for class certification was filed, "[f]ederal jurisdiction under CAFA doesn't depend on certification." Cunningham Charter Corp. v. Learjet, Inc., No. 09-8042, --- F3d ---, 2010 WL 199627 (7th Cir. Jan. 22, 2010) (citation omitted). The general principle is that "jurisdiction once properly invoked is not lost by developments after a suit is filed . . ." Id. (citations omitted).

9

complaint that there may be more than 200 similarly situated persons (Compl. ¶ 40), but Mr. Rascon qualified this statement by asserting that he was unaware of the exact number of potential class members and that this information may be determined from FedEx's records. The evidence provided by FedEx indicates that about 39 individuals currently provide service on a regular basis using a Light Truck and might satisfy the plaintiff's proposed class definition. There are probably more than 39 potential class numbers because the class includes relevant drivers since August 27, 2005 through the date of final disposition of this action, but other than Mr. Rascon's allegation that there may be more than 200 members in the class, FedEx presents nothing to suggest that the actual number exceeds 100. To say, in support of an argument that the potential class is too numerous for joinder to be practical, that there might be 200 or more in the class is one thing; to say there are at least 100 class members is something else entirely. The evidence is insufficient for this court to find that it is more likely than not that the proposed class includes 100 or more members.

III. CONCLUSION

For the reasons cited above, the plaintiff's motion to remand (document # 1746) is GRANTED. This case is remanded to the District Court, County of Denver, State of Colorado.

SO ORDERED.

ENTERED: February 11, 2010

>     /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court