UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC. EMPLOYMENT PRACTICES LITIGATION | CAUSE NO. 3:05-MD-527 RM (MDL-1700) |
| THIS DOCUMENT RELATES TO: | |
| *Michael DeCesare, et al. v. FedEx Ground Package System, Inc.,* | |
| Cause No. 3:07-CV-120 RM (NV) | |

OPINION and ORDER

Fedx Ground Package System, Inc. has moved to clarify the Nevada (*DeCesare*) class certification decision dated July 27, 2009. In the July 27 order, this court granted class certification of the Nevada plaintiffs' claims under the wage and hour laws, NEV. REV. STAT. Ch. 608, but denied class certification in all other respects. As FedEx notes, the court's legal analysis in its class certification order explained that only the plaintiffs' claims brought under workers' compensation law, Nevada Industrial Insurance Act, NEV. REV. STAT. Chs. 616A-616D, were suitable for class certification, but then concluded that only claims under Chapter 608 were certified. The plaintiffs respond that the definition of "employment" is the same under both Chapter 608 and 616, so the court's analysis under the NIIA, Chapter 616, applies equally to claims brought under Nevada's wage and hour laws, Chapter 608. The plaintiffs assert that to the extent there is any misstatement found in the court's order, it is that the court didn't

expressly certified statutory claims under both Chapter 608 and Chapter 616. For the following reasons, the court grants FedEx's motion for clarification and amends its July 27 order to state that only claims arising under the NIIA, Nev. Rev. Stat. Chs. 616A-616D, are proper for class certification.

The Nevada plaintiffs sought class certification for claims arising under the Nevada False Claims Act, Nev. Rev. Stat. § 357.010.250, Nevada tax liability statutes, Nev. Rev. Stat. § 363B.110(2), Nevada wage and hour laws, Nev. Rev. Stat. Ch. 608, and the Nevada Industrial Insurance Act, Nev. Rev. Stat. Ch. 616A-616D. The drivers argued that their statutory claims are governed by the "normal work" test articulated in Meers v. Haughton Elevator, 701 P.2d 1006, 1007 (Nev. 1985) and later codified in the NIIA, Nev. Rev. Stat. Ch. 616B.603. As the court explained, to prove that an agent is not his employee under the "normal work" test, a principal must demonstrate both that the agent is an "independent enterprise" and that the principal and agent are not involved in the "same trade, business, profession, or occupation." Hays Home Delivery, Inc. v. Employers Ins. Co. of Nevada, 31 P.3d 367, 370 (Nev. 2001); Nev. Rev. Stat. Ch. 616B.603(1). The court concluded that "[q]uetions of fact and law common to the class preponderate with respect to claims under the Nevada Industrial Insurance Act; class certification is appropriate as to those claims." Doc. 1770, p. 48.

The court further noted that the Nevada courts have provided no reason to think that the "normal work" test applicable in worker's compensation cases under the NIIA also applies to the plaintiffs' common law claims. While the drivers

"might be correct that Nevada common law would provide the rule of decision to the non-Industrial Insurance Act claims, . . . the cited cases provide no guidance on what the common law might be." Doc. 1770, p. 49. The court held:

> [To obtain class certification,] plaintiff drivers must demonstrate that the governing law allows the nature of the agency to be determined without reference to experiences or circumstances of individual drivers. The Nevada plaintiffs have not carried that burden with respect to their claims that don't arise under Nev. Rev. Stat. Ch. 608.

Doc. 1770, pp. 49-50. The court granted class certifications with respect to the drivers' claims under NEV. REV. STAT. Ch. 608, but denied it in all other respects.

The court's analysis shows that class certification should have been granted for claims arising under Chapter 616. The court now clarifies its order and grants class certification under the NIIA, Chapter 616. The drivers say the Chapter 616 test also applies under Chapter 608, so claims arising under either statute should be certified.

The NIIA generally requires employers to purchase workers' compensation insurance for their employees. *See* MGM Mirage v. Nevada Ins. Guar. Ass'n, 209 P.3d 766, 769 (Nev. 2009). The NIIA "generally immunizes employers, who must procure workers' compensation coverage for their employees, from common law liability for workplace injuries." Harris v. Rio Hotel & Casino, Inc., 25 P.3d 206, 207 (Nev. 2001) (*citing* NEV. REV. STAT. Ch. 616C.215(2)(a)). Chapter 608, on the other hand, "governs employment compensation, wages, and hours, making 'employers' responsible for paying employee wages." Boucher v. Shaw, 196 P.3d 959, 960 (Nev. 2008) (*citing* NEV. REV. STAT. Chs. 608.016, 608.018, 608.040(1),

3

608.050). The drivers are correct that both statutes contain a similar definition of "employee" ("person[s] in the service of an employer under any appointment or contract of hire . . ." NEV. REV. STAT. Ch. 608.010; NEV. REV. STAT. Ch. 616A.105), but application of the "normal work" test doesn't depend on that definition. The Nevada courts first applied the "normal work" test to worker's compensation claims in Meers v. Haughton Elevator, 701 P.2d 1006. The legislature later codified this test in Chapter 616B.603, titled "Independent enterprises". *See* Hays Home Delivery v. Employers Ins., 31 P.3d at 369-370 ("[T]he 'normal work test[]' articulated in our decision in Meers v. Haughton Elevator and codified in NRS 616B.603, determines whether independent contractors are "employees" under the NIAA.") (internal footnotes omitted).

Chapter 616A.210(1) provides that "[e]xcept as otherwise provided in NRS 616B.603, subcontractors, independent contractors and the employees of either shall be deemed to be employees of the principal contractor for the purposes of chapters 616A to 616D, inclusive, of NRS." NEV. REV. STAT. Ch. 616A.210(1). Under Chapter 616B.603, "a person who enters into a contract with an independent enterprise in a different line of work, to perform work not normally carried out by the person's own employees, is not considered a statutory employer." Harris v. Rio Hotel & Casino, Inc., 25 P.3d at 212 (citations omitted); *see also* Richards v. Republic Silver State Disposal, Inc., 148 P.3d 644, 688-689 (Nev. 2006) (developing and explaining application of the "normal work" test in worker's compensation cases; "a nonlicensed principal contractor is a statutory

4

employer entitled to immunity only if the subcontractor or independent contractor does not fall within NRS 616B.603's definition of "independent enterprise."'). The "normal work" test has only been applied in worker's compensation cases. Chapter 608 doesn't contain a similar exception for independent enterprises and there is no indication in the statutory text or case law that the "independent enterprise" exception is applicable in cases arising under Chapter 608.

As noted, an "employee" under Chapter 608 is a "person[] in the service of an employer under any appointment or contract of hire . . ." NEV. REV. STAT. Ch. 608.010. An "employer" "includes every person having control or custody of any employment, place of employment or any employee." Nev. Rev. Stat. Ch. 608.011. There is a dearth of case law applying these definitions or explaining the test used to determine an "employment relationship" under Chapter 608. The absence of Nevada law construing the employment classification standard under Chapter 608 counsels against certification. The supplemental authority provided by the drivers doesn't change this conclusion.

The court GRANTS FedEx's motion for clarification (doc. # 1842) and now clarifies its July 27, 2009 order (doc. # 1770) as it applies to the Nevada (*DeCesare)* class. The court GRANTS the Nevada plaintiffs' motion for class certification with respect to their claims arising under NEV. REV. STAT. Ch. 616, but DENIES the motion in all other respects.

SO ORDERED.

ENTERED:   February 17, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court