UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | CAUSE NO. 3:05-MD-527 RM (MDL-1700) |
| ---------------------------------------------- | |
| THIS DOCUMENT RELATES TO: | |
| | |
| 3:07-cv-190 (*Ellison* - Maryland) 3:08-cv-87 (*Holloway* - Maryland) | |

OPINION AND ORDER

This matter is before the court on the plaintiffs' motions in the above-captioned cases, which seek a suggestion of remand to the Judicial Panel on Multidistrict Litigation. For the reasons stated below, the court GRANTS the motions, [3:05-md-527, Doc. Nos. 2110, 2112], and SUGGESTS remand of these two cases to their transferor courts.

Plaintiffs Terrance E. Ellison and TEE One Enterprises, LLC, 3:07-cv-190, brought suit against FedEx Ground Package System, Inc., claiming that FedEx unfairly curtailed their efforts to expand their package delivery business, in violation of their Operating Agreement with FedEx. Their Amended Complaint alleges breach of contract, breach of the duty of good faith and fair dealing, tortious interference with business relationships, promissory estoppel, negligent and fraudulent misrepresentation, unjust enrichment, and quantum meruit. *See* Amended Complaint [3:05-md-527, Doc. No. 765]. Mr. Ellison and TEE One

Enterprises opposed transfer of their case to this court, and Mr. Ellison opted out of the Maryland class certified by this court.

Plaintiff Theodore Holloway, Jr., 3:08-cv-87, brought suit against FedEx Ground Package System, Inc., claiming that after he suffered a knee injury on the job FedEx breached its contract with him and treated him unfairly and in a racially discriminatory manner such that he ultimately had to terminate his package delivery contract with FedEx. Mr. Holloway's Amended Complaint alleges breach of contract, breach of the duty of good faith and fair dealing, tortious interference with business relationship, promissory estoppel, fraudulent and negligent misrepresentation, quantum meruit, federal claims of race discrimination and retaliation, and violations of the Family and Medical Leave Act. *See* Amended Complaint [3:05-md-527, Doc. No. 1124]. Mr. Holloway opposed transfer of his case to this court and he opted out of the Maryland class certified by this court.

This court has stated, "[t]he overriding common issue in this MDL litigation is whether the plaintiff drivers should be classified as independent contractors or employees." Opinion and Order, August 12, 2010, at 1 [3:05-md-527, Doc. No. 2099]. The plaintiffs argue that their cases center on breach of contract questions, and that these are questions which lie outside the common issue being determined by this court in this MDL litigation.

FedEx responds that the plaintiffs' status as independent contractors or employees under Maryland law will greatly affect the outcome of these plaintiffs'

cases. FedEx says this court should deny the plaintiffs' motions and decide the question of the plaintiffs' employee or contractor status before any suggestion of remand is entered.

DISCUSSION

The court incorporates its earlier discussion of the standards and factors involved in remanding MDL cases. *See* Opinion and Order, August 11, 2010, at 2-8 [3:05-md-527, Doc. No. 2099].

Because the plaintiffs in these cases opted out of the Maryland class, resolution of their claims isn't limited to examining the Operating Agreement and FedEx's nationwide Policies and Procedures. To the extent the employee vs. independent contractor issue has anything to do with their cases, individualized analysis involving individualized evidence will be required. Moreover, these cases involve questions largely surrounding the plaintiffs' breach of contract claims, and neither these cases nor the other cases in this docket would benefit from the transferee court addressing questions outside the employee vs. independent contractor issue. This court has set forth common facts applicable to certified classes. *See* Opinion and Order, August 11, 2010 [3:05-md-527, Doc. No. 2097]. Judicial economy is best served by allowing the transferor court(s) to address these plaintiffs' unique claims, using particularized evidence and common facts found in this court as the transferor court(s) deem appropriate.

CONCLUSION

The court INSTRUCTS the parties to file a joint proposed pretrial order in each of these two cases within thirty days of the date of this order. The court requests the parties to specifically identify the docket numbers of the motions, responses and replies, notices of supplemental authority, statements of genuine issues and additional facts, and any other documents relevant to the pending motions in these cases. The court also requests the parties to list the docket numbers of orders relevant to these cases, including discovery orders that affect post-remand proceedings.

Pursuant to Rule 7.6(c)(ii) of the Rules of the Judicial Panel on Multidistrict Litigation, the court SUGGESTS that the Panel REMAND 3:07-cv-190 (*Ellison* - Maryland) and 3:08-cv-87 (*Holloway* - Maryland). The court retains jurisdiction to consider the fair and equitable assessment of any potential recovery for the services performed and expenses incurred by attorneys acting for the administration and common benefit of all MDL plaintiffs.

A final suggestion of remand will be issued upon receipt and approval of the parties' joint proposed pretrial orders.

SO ORDERED.

ENTERED: September 22, 2010

        /s/ Robert L. Miller, Jr.
        Judge
        United States District Court

4