UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE: FEDEX GROUND PACKAGE )
SYSTEM, INC. EMPLOYMENT ) CAUSE NOS. 3:05-MD-527 RLM
PRACTICES LITIGATION (MDL 1700) )
 )

OPINION AND ORDER

All seven New Jersey class representatives object to the proposed settlement between the class and FedEx resolving claims related to the alleged misclassification of employees as independent contractors. The class representatives are now campaigning for other class members to object to the settlement, and both co-lead counsel and FedEx want them to stop.

Co-lead counsel learned of the class representatives' campaign when they received a phone call from a class member who was confused by a communication sent to her that originated with a class representative. The communication included the following information:

- The original notice sent to the class members alerting them to the settlement, the upcoming fairness hearing, and their right to object inaccurately stated the average amount of recovery as $71,000, when the average amount is actually $19,000.

- The class representatives believe the case to be worth more than the settlement, particularly because the settlement assigned no value to claims under the New Jersey Consumer Fraud Act.

- The total settlement is for $25.5 million, which, after deducting $7.65 million in attorneys' fees, leaves $17.9 million for the class.
- The class representatives "believe the case is being settled out from under [them] by Class Counsel," and the representatives' objections help the class members "to hopefully get a higher value from the case."

Attached to the letter is a form that the class member can fill out and send to the court and co-lead counsel to register their objection. The form mentions the change in the noticed average recovery and that the signing member objects to the lower amount. It then says that no class representatives agree with the settlement, and that if they don't agree, the signing class member won't agree either.

Co-lead counsel requested that the court issue a corrective notice to class members who might have received the communication, order the class representatives to cease and desist from circulating the objection form or any similar form, prohibit the class representatives and their counsel from other unilateral communications with class members until after the court has decided on approval of the settlement, and order the class representatives to show cause why they shouldn't pay for the corrective notice and attorneys' fees in connection with this request. FedEx then joined their motion.

The court has the power to "issue orders that: . . . (C) impose conditions on the representative parties or on intervenors; . . . or (E) deal with similar procedural matters." Fed. R. Civ. P. 23(d)(1). "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control

over a class action and to enter appropriate orders governing the conduct of counsel and parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981).

This duty encompasses protecting class members from communications that intimate that a settlement is different from what it is. *See* In re VMS Ltd. P'ship Sec. Litig., 138 F.R.D. 102 (N.D. Ill. 1991) (holding that communications incorrectly intimating that agreement would "pool" investors' interests with financially-distressed entities merited limitation); In re Synthroid Mktg. Litig., 197 F.R.D. 607 (N.D. Ill. 2000) (holding that communications understating amount of settlement and suggesting that a third party's entitled to a portion of the award required corrective communication); Manual for Complex Litigation (Fourth) § 21.33 (2004) ("Objectors to a class settlement or their attorneys may not communicate misleading or inaccurate statements to class members about the terms of a settlement to induce them to file objections or to opt out.").

The communications by the class representatives don't misinform or intimate misinformation. The original notice inaccurately stated the average amount of recovery. Co-lead counsel re-noticed the class in response. The class representatives correctly state the total settlement, as well as the amount anticipated to go to class members and to attorneys. They summarize the reasons behind their objections and encourage class members to support those objections with their own.

Co-lead counsel doesn't point to any authority suggesting that an objection campaign, so long as it doesn't misinform, is "abuse" of the class action. Rather, the class representatives seem to have a legitimate role in letting the class know

that they're dissatisfied with the settlement and why. If co-lead counsel wishes to make sure that class members are aware of potential risks in objecting,[1] they can communicate with the class members, their clients, on their own. *See* Manual for Complex Litigation, *supra*, § 21.33.

"[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981). The lack of misinformation weighs against limiting communications. A restriction would hinder class representatives' ability to express dissatisfaction with the settlement. There's no need for the court to intervene at this point.

At the fairness hearing, the court will consider the number of objectors and the adequacy of the information on which those objections was based. The court thus DENIES the motion for an emergency injunction, corrective notice, and order to show cause [Doc. No. 2994].

SO ORDERED.

ENTERED:  February 9, 2017

 /s/ Robert L. Miller, Jr.
Judge
United States District Court

---

[1] In particular, co-lead counsel wants the court to notify class members "that if the objections succeed, they will receive no settlement compensation now, and that continued litigation could result in no recovery."